(107 So. 818)

**WRIGHT et al. v. MARTIN.**
(7 Div. 626, 626A.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Contracts ⬥ 11.**

Contracts looking to collusive dissolution of marriage bonds are illegal and void as against public policy.

**2. Contracts ⬥ 137(1).**

Generally, contract supported in whole or in part by illegal consideration is void in toto.

**3. Evidence ⬥ 437.**

Notwithstanding executory contract recites only legal consideration, an undisclosed illegal consideration, as concurring inducement, may be set up as affirmative defense.

**4. Contracts ⬥ 139—Contract for benefit of one who is not in pari delicto is not rendered unenforceable as to him because of illegality of consideration (Code 1923, § 8237 et seq.)**

A contract creating trust in favor of child of parties, to be administered by mother, and operating as lien on father's property, *held* not unenforceable because of illegality of consideration, in view of Code 1923, § 8237 et seq.

**5. Trusts ⬥ 140(1).**

Contract impressing trust for benefit of infant on rents issuing from lands creates incumbrance on land in nature of equitable mortgage.

**6. Trusts ⬥ 23.**

Agreement impressing trust upon rents issuing from lands is recordable.

**7. Trusts ⚙⇒23.**

Recording contract impressing trust upon rents issuing from lands is constructive notice to all persons of incumbrance imposed on lands.

**8. Guardian and ward ⚙⇒38—Owner of land securing appointment as guardian of infant in whose favor there is lien upon land cannot release lien, and attempt to do so may be avoided by ward or another acting for him.**

Where contract imposed trust on rents of lands in favor of owner's infant, qualification of owner as guardian of infant's estate and his entry on record of satisfaction of lien *held* ineffective and voidable at election of ward or another acting for him.

**9. Guardian and ward ⚙⇒38—That unsatisfied lien may hinder sale by owner gives him no power as guardian of beneficiary to satisfy lien on record in aid of sale.**

Where instrument creates trust on rents issuing from lands, but does not attempt to prevent owner's sale of land, that unsatisfied lien may hinder sale by owner gives him no power as guardian of beneficiary to satisfy lien on record in aid of sale.

**10. Trusts ⚙⇒140(1)—Agreement impressing trust upon rents and profits of land to secure annuity for certain period held to contemplate that lien continue from year to year until debt be paid.**

Agreement impressing trust upon rents and profits of land to secure an annuity for certain period, and providing that unpaid installments be continuing charge on lands in case of sale, *held* to contemplate that lien continue from year to year until debt be paid, and not be limited to securing each installment.

**11. Trusts ⚙⇒374—In action to enforce trust on rents of land, failure to decree status of claim of subsequent mortgagee with notice held not error, in absence of request for affirmative relief.**

In action to enforce trust on rents of land, joining subsequent mortgagee with notice, failure to decree status of claim of mortgagee *held* not error, where no affirmative relief was asked, and court, after upholding trust, expressly retained jurisdiction over other questions.

**12. Trusts ⚙⇒362—That mother evaded habeas corpus proceedings by father for custody of child held no defense in action to enforce trust agreement against father for benefit of child.**

Where agreement impressing trust on rents of land for benefit of owner's daughter made mother having custody of daughter trustee, that mother evaded habeas corpus proceedings for custody of daughter brought by father *held* not defense to action by mother to enforce trust in behalf of daughter.

**13. Trusts ⚙⇒375(2)—Where agreement to secure annual payments created lien on rents of land, clause declaring that in case of sale unpaid installments should constitute charge on land held not to enlarge lien, and it was not error to refuse foreclosure and sale of land in action to enforce it.**

Where agreement to make certain annual payments was secured by trust on rents of land, clause of agreement declaring that in case of sale unpaid installments should constitute charge on land *held* not to enlarge lien, but merely to conserve it, so that it was not error for court not to order foreclosure and sale of land in action to enforce agreement against owner making it.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity by Nettie J. Martin against A. R. Wright and others. From the decree, respondents appeal, and complainant assigns cross-error. Affirmed on direct and cross appeal.

The contract involved is as follows:

"Know all men by these presents: That, whereas, the undersigned, A. R. Wright, being desirous of making provision for my child, Elizabeth Wright, now six years of age, which child is in the custody of its mother, Nettie J. Wright, now therefore, for and in consideration of the premises, and for and in consideration of the said Nettie J. Wright, joining me in the execution of certain deeds to lands of the A. R. Wright estate in Cherokee county, Alabama, I do hereby agree to pay to the said Nettie J. Wright, for the use, maintenance and education of my said child, Elizabeth Wright, the following sum of money on the following dates; viz.: Six hundred dollars on December 10, 1919, six hundred dollars on December 10, 1920; six hundred dollars on December 10, 1921; six hundred dollars on December 10, 1922; six hundred dollars on December 10, 1923; six hundred dollars on December 10, 1924; six hundred dollars on December 10, 1925; six hundred dollars on December 10, 1926; and two hundred dollars on December 10, 1927, being and constituting the total sum of five thousand dollars, and to secure the payment of said several sums when they separately come due and mature, there is hereby expressly created and declared in favor of said Nettie J. Wright, for the use of my said child, Elizabeth Wright, as aforesaid, a lien on all the rents accruing to me on the lands now owned by me in Cherokee county, Alabama, known as the Reynolds place, and being the northeast quarter of section 16, and ninety acres in the southeast quarter of said section 16, in township nine (9) south of range 11, east, situated in Cherokee county, Alabama, and I do hereby transfer and assign the rents accruing to me on said lands to the said Nettie J. Wright, for the use of Elizabeth Wright, as aforesaid, for each of the years in which payment of said several sums aforesaid. I do hereby expressly waive all rights to exemptions as to personal property under the Constitution and laws of the state of Alabama, or any other state of the United States, as against the payment of each of said several sums, and agree to pay all attorneys' fees and costs incurred by the said Nettie J. Wright in making collection of any and all sums hereunder. In case of a sale of said lands above described before a payment of all of said sums herein provided to be paid, then any unpaid installments hereunder shall constitute a charge

⚙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against said land, which must be adjusted to the satisfaction of said Nettie J. Wright.

"Witness my hand and seal this October 27th, 1919.                    A. R. Wright. [L. S.]"

Hugh Reed, of Centre, and M. B. Eubanks, of Rome, for appellants.

The contract being for the purpose of aiding in the procuring of a divorce between the parties is against public policy and is void. 9 A. & E. Ency. Law (2d Ed.) 834; 6 R. C. L. 772; 9 Cyc. 519; 13 C. J. 463; 3 Williston on Contr. 3044. A contract against public policy or good morals cannot be sustained, even though otherwise valid considerations may enter into. Standard Lbr. Co. v. Butler Ice Co., 146 F. 359, 76 C. C. A. 639, 7 L. R. A. (N. S.) 467; Wadsworth v. Dunnam, 23 So. 699, 117 Ala. 661; Western Union v. Young, 36 So. 374, 138 Ala. 240; Armstrong v. Walker, 76 So. 280, 200 Ala. 364.

Goodhue & Lusk, of Gadsden, and C. B. Sims, of Centre, for appellee.

The instrument involved constitutes an equitable mortgage, and the court should have decreed a sale of the property. Newlin v. McAfee, 64 Ala. 357; Markham v. Wallace, 41 So. 304, 147 Ala. 243; Cross v. Bank, 84 So. 267, 203 Ala. 561; Greil Bros. Co. v. Montgomery, 62 So. 692, 182 Ala. 291, Ann. Cas. 1915D, 738; 21 C. J. 118. The instrument creates an active trust, and the suit is proper in the name of the trustee. Code 1907, § ——; You v. Flinn, 34 Ala. 409; Kidd v. Cruse, 76 So. 59, 200 Ala. 293. The fact that some of the payments are not due does not prevent foreclosure at this time. Arnett v. Willoughby, 67 So. 426, 190 Ala. 530; Fulgham v. Morris, 75 Ala. 245. The legal and illegal considerations of the contract can be separated and enforced as to the valid part. 13 C. J. 512; Ware v. Curry, 67 Ala. 274; Smith v. Dinkelspiel, 8 So. 490, 91 Ala. 531; Sims v. Ala. Brewing Co., 31 So. 35, 132 Ala. 311. An assignment of rents as security for the debt created an equitable lien on the land itself, and made it subject to sale for payment of the debt. 3 Pomeroy's Eq. Jur. (4th Ed.) § 1237; 27 Cyc. 978; Rountree v. Satterfield, 100 So. 753, 211 Ala. 464.

BOULDIN, J. This is a suit in equity to enforce a lien upon lands or the rents accruing therefrom. A. R. Wright and Nettie J. Wright, his wife, had separated. Their infant child, Elizabeth Wright, was in the custody of the mother in the state of Georgia. A. R. Wright, desiring to effect a partition of the lands of his father's estate, sought the signature of his wife to the partition deeds. The deeds were executed upon the husband's agreement in writing to pay the wife for the use, maintenance, and education of the child $600 per annum until the total sum of $5,000 was paid, and as security there was declared an express lien in favor of the wife for the use of the child on all rents accruing to the husband on certain lands obtained by him in the partition. The contract in full appears in the report of the case. The bill is filed by Nettie J. Wright, in the capacity as trustee for Elizabeth Wright, against A. R. Wright and other respondents claiming under him.

Among defenses presented is illegality of consideration in this: That at the time of the execution of the trust agreement, and as part consideration therefor, an agreement was made between husband and wife for obtaining a collusive divorce; that pursuant to such arrangements the husband filed a suit for divorce on the ground of voluntary abandonment, the wife made formal answer, and divorce was obtained in Alabama permitting each of the parties to again contract marriage. It appears both have remarried, one now residing in Oklahoma and the other in Ohio. Assuming the proof supports the allegations touching illegality of the contract, does this present any defense to this suit?

[1-3] Contracts looking to collusive dissolution of the marriage bonds are illegal and void as against public policy. The general rule is that a contract supported in whole or in part by such illegal consideration is void in toto. Although an executory contract recites only a valuable and legal consideration, which in fact passed, still, if tainted by an undisclosed illegal consideration as a concurring inducement to the contract, this may be set up in affirmative defense. There is a class of cases wherein the legal is severable from the illegal, so that the legal may be enforced without reliance upon the transaction tainted with illegality; but this case rests upon a different principle.

[4] The basis of the rule is that the court will not become a party to the enforcement of contracts subversive of the public policy of the state. The law leaves the parties where it finds them—will not aid a party in taking advantage of his own wrong. It is not a rule of equity requiring clean hands merely, but is equally applicable in courts of law. The rule, however, applies only to those in pari delicto. The contract here sued upon was made for the use and benefit of the innocent child—is in recognition of the legal duty of the father to maintain and educate his child. This is a legally imposed financial obligation, resting itself upon strongest grounds of public policy. The suit is for the use and benefit of the child. She is the real party in interest. That the wife is a party as trustee merely cannot defeat the equitable claims of the child. To permit the parties to the illegal and collateral divorce agreement to fully execute their plans, then defeat the provision made for the child of the divorcees, the redeeming feature of the transaction, would be to wrest the rule of law to ends of injustice. The wife cannot be regarded as suing for personal benefits, but as performing a duty under the trust. If

she fail so to do, the court of equity has full power to name a trustee to protect the interest of the child, as well as power to see that the fund, when recovered and transferred to another state, is properly safeguarded. Code, § 8237 et seq.

[5-8] The trust set up by the agreement, while limited to the rents issuing from the lands, creates a burden, incumbrance, or charge on the lands in the nature of an equitable mortgage. It is subject to the recording statutes. Filing for record became constructive notice to all persons. An error in recording in no way defeated its effect as notice. The qualification of A. R. Wright as guardian of the estate of the minor in this state, and his entry of satisfaction of this lien on the record, without payment of the debt, was futile. In so doing he was acting in a dual capacity, representing antagonistic interests, the interest of his ward on the one hand and of himself on the other. In such case, the act may be avoided at the election of the ward, or, being under disability, the election of the court acting for him, without regard to any question of fraudulent intent on the part of the guardian.

[9] True, the trust instrument recognizes the right of A. R. Wright to sell the lands before payment of the debt, but in so doing it expressly declares the debt shall remain a charge upon the lands until satisfied or adjusted to the satisfaction of the trustee. That this unsatisfied lien may hinder a sale gives no power to A. R. Wright, as guardian, to satisfy it on the record in aid of a sale. The instrument contemplates that the lien shall continue in case of sale until paid off or adjusted, and not that the lien shall be released and the beneficiary of the trust left to the personal responsibility of A. R. Wright.

It appears the first installment of $600, due December 10, 1919, was paid, that no further payments have been made, and that A. R. Wright has been in the perception of the annual rents except a portion still prudently held by tenants subject to the orders of the court.

[10] It is insisted that the mortgage is limited to securing each installment as it becomes due upon the rents of that year; that the lien does not continue on rents of succeeding years until the debt is paid. The result of this, if correct, is to terminate the lien and trust with 1927, leaving all unpaid installments unsecured. The wording of the clause relating to the assignment of rents, standing alone, tends to support this view. But, taken as a whole, the instrument contemplates the lien on rents shall continue from year to year until the debt is paid. Dealing in the light of conditions in 1919, it was probably assumed the rent each year would take care of the annual payment, but any doubt as to the intent to secure the debt as a whole is removed by the final clause. The charge on the

214 ALA.—22

lands is to continue until payment of all the sums to be paid. Any "unpaid instalments," not "any unmatured instalments," are made a continuing charge on the lands in case of sale.

[11] Respondents Camp, subsequent mortgagees of the husband, took subject to all the equities created by the recorded instrument. This is the effect of the decree of the court declaring a lien on all the rents of the property until the debt is paid, and taking jurisdiction of the property through a receiver for the execution of the trust. No affirmative relief was asked by the Camps, and we find no error in failing to decree the status of their claim. The court expressly retained jurisdiction reserving all other questions.

[12] The allegations in answer and evidence tending to show that Nettie J. Wright evaded habeas corpus proceedings brought by A. R. Wright in the state of Georgia for the custody of Elizabeth furnish no defense to this suit in the interest of Elizabeth. The agreement recites that at the time it was entered into Elizabeth was in the custody of her mother. Making the mother trustee to receive the funds for her use implies the present intent that she so remain. The failure of the father to comply with his agreement or otherwise contribute to her support these many years, the absence of any showing as to the real interest of the child in the matter of her care and custody, do not invite any change of custody as a condition to the maintenance of this suit, nor as a means of enabling the father to furnish her support in his family in lieu of the provision made by his agreement.

[13] Appellee, by cross-assignments of error, raises the point that this is an equitable mortgage on the land itself; that the court should have ordered its foreclosure and sale. In this connection it appears the land if sold at present would not bring the full debt; that the rents, less expenses of a receivership and taxes, will probably not exceed the annual interest, so that an indefinite receivership may result.

The parties carefully limited the lien to the rents. The final clause declaring that in case of sale the unpaid installments "shall constitute a charge on the land," which must be adjusted to the satisfaction of the trustee, does not have the effect of enlarging the lien, but of conserving it and vesting in the trustee the power to adjust. The lien is a charge on the land because a charge on the rents and profits. This power the court may exercise by virtue of its jurisdiction to administer the trust.

To collect and apply the rents to the use of the child is in keeping with the spirit of the trust. If the court has power to sell, the time and manner, as well as propriety of so doing, are matters of administration to be determined from time to time as the interest of the beneficiary may appear.

We do not anticipate the action ·of the court by deciding now under what conditions the court could or should order a sale of the property in working out all the equities arising from this instrument and the redemption .of the property from tax sale by the trustee.

Affirmed on direct and cross appeal.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.