452 So.2d 860 (1984)
Ex parte ALABAMA OXYGEN COMPANY, INC., and the Industrial Development Board of the City of Bessemer.
(In re ALABAMA OXYGEN COMPANY, INC., and the Industrial Development Board of the City of Bessemer, Alabama v. YORK INTERNATIONAL, YORK DIVISION, BORG-WARNER CORPORATION, et al.)
82-106.
Supreme Court of Alabama.
June 15, 1984.
*861 PER CURIAM.
The original opinion of this Court is published at 433 So.2d 1158.
The Supreme Court of the United States entered an order vacating the judgment in this case and remanded the cause to this Court for further consideration in light of Southland Corporation v. Keating, 465 U.S. ___, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), 465 U.S. ___, 104 S.Ct. 1260, 79 L.Ed.2d 668 (1984). After a thorough consideration of that case, we are of the opinion that the views expressed in the dissenting opinion on original deliverance are consistent with the holding in Southland Corp. v. Keating, supra; therefore, the writ of mandamus is due to be denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
EMBRY, J., dissents.
EMBRY, Justice (dissenting):
By its opinion in Southland Corporation v. Keating, 465 U.S. ___, 104 S.Ct. 1260, 79 L.Ed.2d 668 (1984), the Supreme Court of the United States has discovered that a federal right to arbitrate disputes was created by the Federal Arbitration Act and that the Act was intended by Congress to be enforced in state courts. That statute was enacted by Congress in 1925. Its clear language and legislative history indicate Congress intended that the FAA be applicable only in federal courts. (This statute was enacted prior to the Supreme Court's decision of Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).)
Almost sixty years later, in an unprecedented act of judicial revisionism, the Supreme Court has suddenly bludgeoned the Act to construe it as creating a federal right to be enforced by state courts. That Court has even gone so far as to create specific procedures which states must follow in protecting this newly created right. None of these procedures are set forth by the Act itself.
If the liberties in statutory construction taken by the Supreme Court in Southland hint at the horizons of American jurisprudence, I shudder to think what atrocities might follow. I dissent.