Jo Anne Hall brought this action against her ex-husband for damages stemming from representations he allegedly made in connection with the parties' divorce. The gist of her claim is that the defendant induced her to "consent to the termination of their marriage" by representing to her that he wanted a divorce for "business reasons" and by promising that after the divorce they would continue living together as man and wife, when in fact he wanted the divorce so he could move and marry another woman. The plaintiff does not seek to have the divorce decree set aside or modified. Instead, she seeks damages for the embarrassment, humiliation, and reduced standard of living allegedly caused by the defendant's misrepresentations. The trial court granted the defendant a summary judgment and the plaintiff appeals.
The facts contained in the pleadings, depositions, and answers to interrogatories, when viewed most favorably toward the plaintiff, are as follows:
During the months prior to their divorce Mr. Hall convinced his wife that they were in danger of losing their home because of his business failures and that she and the children would be "thrown out into the street" unless she consented to a divorce. Hall promised his then-wife that if she agreed to a "business divorce" they would continue to live together as man and wife after the divorce and he would continue to support her as he had in the past.
Mr. Hall gave his wife a piece of paper with an attorney's name on it and told her to see him about the divorce. Mrs. Hall met with the attorney on one occasion for twenty minutes prior to the time when the case was set for trial. She claims to have told the attorney about the arrangement and that she did not want the divorce and that he replied, "Jo Anne, you've got to. You can't back out now."
A divorce decree was rendered based on oral testimony. Mrs. Hall admitted in her deposition that she testified at the trial of the divorce case that she wanted a divorce and that during the questioning by attorneys for both parties and by the trial judge she never mentioned the alleged agreement with Mr. Hall to live as man and wife after the divorce. The divorce decree awarded Mrs. Hall the family residence and all the personal property therein except for one television and a shotgun, which were awarded to the defendant. Mrs. Hall was awarded custody of the three minor children and was awarded $250.00 per month child support per child and $250.00 per *Page 815 
month of periodic alimony. Mr. Hall was ordered to maintain hospitalization insurance on the children and to maintain a life insurance policy on himself and to pay all the debts of the marriage except the mortgages on the house.
The parties continued to live together for about three months until Mr. Hall moved to Atlanta. He came home on weekends for several weeks before he informed his ex-wife that he "wasn't coming home any more."
Mrs. Hall filed a four-count complaint alleging fraud, conspiracy to defraud, breach of contract, and bad faith. Mr. Hall filed an answer denying the allegations of the complaint and pleading the statute of limitations, res judicata, and estoppel. The trial court granted the defendant summary judgment on the grounds that the agreement which formed the basis of the plaintiff's claim was tainted with illegality and that, if her allegations were true, Mrs. Hall had actively participated in a fraud on the court in obtaining the divorce.
 I. THE CONTRACT COUNT
Agreements aimed at collusive dissolution of a marriage are illegal and unenforceable. Merchants Nat. Bank of Mobile v.Cotnam, 250 Ala. 316, 327, 34 So.2d 122, 131 (1948); Wright v.Martin, 214 Ala. 334, 336, 107 So. 818, 820 (1926). Such agreements are violative of both public policy and an Alabama statute prohibiting consensual divorce. Section 30-2-3, Code of Alabama (1975). Executory contracts based on the consideration of future illicit cohabitation are similarly unenforceable.Merchants Nat. Bank of Mobile, supra, 250 Ala. at 325,34 So.2d at 129. The plaintiff is not entitled, therefore, to maintain an action for breach of contract.
 II. THE BAD FAITH COUNT
Mrs. Hall's claim for bad faith fails to state a claim on which relief can be granted. The tort of bad faith has been recognized in this State only within the insurance policy context. See Kennedy Electric Co. v. Moore-Handley, Inc.,437 So.2d 76, 81 (Ala. 1983). Given the illegal nature of the contract, we are not prepared to extend the tort to cover this sort of situation.
 III. THE FRAUD COUNTS
Although a party may bring an action seeking relief from a judgment procured by fraud, A.R.Civ.P. 60 (b), the plaintiff does not seek to have the divorce decree set aside or modified. Presumably, she would be unable to have the decree set aside, because she participated in the fraudulent procurement of the decree and has freely enjoyed the fruits of the divorce.Shapiro v. Shapiro, 280 Ala. 115, 190 So.2d 548 (1966).
We are of the opinion that the plaintiff should not be allowed to do indirectly what she would be unable to do by directly attacking the decree. An inquiry into the damages she suffered by relying on the defendant's representations would necessarily require an inquiry into the adequacy of the award in the divorce action. Since Mrs. Hall has chosen not to attack the award in the divorce decree, she should be bound by it.
Even if the situation were such that the plaintiff was not estopped from attacking the divorce decree, the facts in the record do not support her claim that she "allowed herself to be divorced from the defendant without contest." The divorce decree was based on oral testimony, not on an agreement between the parties. A different situation might be presented in a case where a litigant is fraudulently induced to enter into an agreement settling a case on disadvantageous terms.
The trial court's decision is hereby affirmed.
AFFIRMED. *Page 816 
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
EMBRY, J., not sitting.