Plaintiff, a former employee of the office of the probate judge of Talladega County, sued defendant, the probate judge who dismissed her from his employ. Plaintiff alleged breach of contract, wrongful discharge, negligence and wantonness, defamation, bad faith, outrage, and trade interference. Plaintiff appeals from summary *Page 681 
judgment in favor of defendant. We affirm.
Forrest Killough, the former probate judge of Talladega County, was defeated in his bid for renomination in September of 1982. In November of 1982, he was ordered by the Talledega County Commission to terminate 25% of the personnel in his office. Killough proceeded to terminate five employees in his office. Thresa Williams, supervisor of the license division in the probate office, was among those terminated.
Williams alleges that she was terminated because of her failure to support defendant in his bid for renomination. In her affidavit in opposition to the motion for summary judgment, Williams claimed that she had a conversation with Killough during the course of which Killough "told me that if I could not support the person I worked for I should be looking for another job." She also claimed that at an office meeting Killough stated that those who did not support his campaign need not be employed in his office.
On appeal, plaintiff argues that the trial judge erred in granting summary judgment on her counts for breach of contract, wrongful discharge, negligence and wantonness, and bad faith.
We are presented with four issues in this case:
1. Whether, under these facts, Killough was a proper defendant.
2. Whether Alabama should abrogate the employee-at-will doctrine.
3. Whether violation of a criminal statute gives rise to a cause of action for wantonness and negligence.
4. Whether Alabama should recognize the tort of bad faith beyond the insurance contract context.
Although plaintiff appears to have been paid from funds of the county government, it is not disputed that Killough, as judge of probate, had the authority to employ and terminate persons working in the probate office. Williams alleged that Killough acted maliciously, in bad faith, and in violation of a criminal statute when he terminated her. We hold that Killough was a proper defendant.
Plaintiff has conceded that the employee-at-will doctrine applies in this case. She recognizes that she cannot prevail under this doctrine; thus, she asks this Court to abrogate it.[1]
We find it unnecessary to discuss this issue, since we have declined on numerous recent occasions to modify the employee-at-will doctrine. Meeks v. Opp Cotton Mills, Inc.,459 So.2d 814 (Ala. 1984) (the opinion in that case and Justice Shores's special concurrence contain a listing of most of the recent cases in which we have had an opportunity to modify the employee-at-will doctrine and have declined to do so). See also, Self v. Bennett, 474 So.2d 673 (Ala. 1985).
The third issue was raised in conjunction with the employee-at-will argument before the trial court. Williams alleged that Killough violated Code 1975, § 17-1-7 (Cum.Supp. 1984),[2] a criminal statute. She argued that the doctrine of employee-at-will should not apply because violations of criminal statutes are contrary to public policy. We have been confronted by similar arguments where it was contended that the employee-at-will doctrine has been circumscribed "when such discharge contravenes a statute or is contrary to `public policy.'" E.g., Hinrichs v. Tranquilaire Hospital,352 So.2d 1130, 1131 (Ala. 1977); Martin v. Tapley, 360 So.2d 708, 709
(Ala. 1978). We rejected those contentions, quoting fromTennessee Coal, Iron and *Page 682 Ry. Co. v. Kelly, 163 Ala. 348, 50 So. 1008 (1909), which held that
 "if one does an act which is legal in itself and violates no right of another, the fact that this rightful act is done with bad motives or with bad intent toward the person so injured thereby does not give the latter a right of action against the former."
In regard to Williams's count based on "bad faith," this Court has refused to extend this tort beyond the insurance contract context. Dickey v. Alabama Farm Bureau Mutual Ins.Co., 447 So.2d 693 (Ala. 1984); Kennedy Electric Co. v.Moore-Handley, Inc., 437 So.2d 76 (Ala. 1983). Moreover, in this case, we have not been presented with any compelling reason to change our stance.
We hold that the trial court did not err in granting summary judgment on the plaintiff's counts for breach of contract, wrongful discharge, negligence and wantonness, and bad faith. We hereby affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON and SHORES, JJ., concur.
JONES, EMBRY, BEATTY and ADAMS, JJ., concur in the result.
[1] We note that Williams does not claim that any of her constitutional rights have been violated. See, Mount HealthyCity Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568,50 L.Ed.2d 471 (1977).
[2] Code 1975, § 17-1-7 (b) (Cum.Supp. 1984), provides:
 "No person shall attempt to use his official authority or position for the purpose of influencing the vote or political action of any person. Any person who violates this subsection (b) shall be guilty of a felony and punishable by a fine not to exceed $10,000.00 or imprisonment in the state penitentiary for a period not to exceed two years, or both."