This case is before this court on the petition of Redshaw, Inc. (Redshaw) for a writ of mandamus to require the trial court to enforce an arbitration provision as written in the parties' contract.
Redshaw entered into a written contract with Cleveland Insurance Agency, Inc. (Cleveland), whereby it sold to Cleveland certain computer hardware and software. The parties also entered into a maintenance agreement related to the computer equipment.
The sales contract, as well as the maintenance agreement, contained the following arbitration provision:
 "Any controversy arising with respect to this Agreement shall be determined by arbitration in the city of Pittsburgh, Pennsylvania in accordance with the Commercial Arbitration rules of the American Arbitration Association using arbitrators knowledgeable in the data processing area and familiar with the data processing industry and who will follow substantive rules of law. The dispute shall be determined by an arbitrator acceptable to both parties who shall be selected within seven (7) days of filing of notice of intention to arbitrate. Otherwise, the dispute shall be determined by a panel of three arbitrators selected as follows: Within seven (7) days of filing notice of intention to arbitrate, each party will appoint one arbitrator. These two arbitrators will then name a third arbitrator, who shall be an attorney admitted before the bar of any state of the United States, to preside over the panel. If either party fails to appoint an arbitrator, or if the two arbitrators do not name a third arbitrator within seven (7) days, either party may request the American Arbitration Association to appoint the necessary arbitrator(s) pursuant to Rule 13 of the Commercial Arbitration Rules. Arbitrators shall be compensated for their services at the standard hourly rate charged in their private professional activities. Each party will pay its own cost and expenses. Pennsylvania rules for civil procedure shall apply. All testimony shall be transcribed. The award of the panel shall be accompanied by findings of fact and a statement of reasons for the decision. All parties agree to be bound by the results of this arbitration; judgment upon the award so rendered may be entered and enforced in any court of competent jurisdiction. To the extent reasonably practicable, both parties agree to continue performing their respective obligations under this Agreement while the dispute is being resolved. Nothing contained in this Section . . . shall prohibit Redshaw from seeking equitable relief without resorting to arbitration under such circumstances as Redshaw reasonably believes that its interests hereunder and in its property may be compromised."
A dispute arose between the parties under the contract. It appears that Redshaw then attempted to invoke the arbitration provision of the contract by making a demand for arbitration on May 1, 1987. Approximately one week later Cleveland filed the instant suit in the Mobile County Circuit Court, seeking damages for breach of the parties' contract.
Redshaw filed a motion in the circuit court, asking it to stay that proceeding due to the arbitration provision in the parties' contract and the mandate of the Federal Arbitration Act. The circuit court granted the motion to stay, but it ordered that the arbitration between the parties be conducted in Mobile County, Alabama, rather than in Pittsburgh, Pennsylvania, as provided in the arbitration clause.
Redshaw filed a petition in this court for a writ of mandamus directing the trial court to enforce the arbitration provision as written in the parties' contract, i.e., without modifying it to require arbitration in Mobile County, Alabama.
A writ of mandamus is an extraordinary remedy which should be granted only where there has been a clear showing that the trial court abused its discretion and exercised it arbitrarily or capriciously. Ex parte Temporary Placement Services,508 So.2d 275 (Ala.Civ.App. 1987). *Page 369 
Applying this stringent standard in this case, we conclude that issuance of the writ is appropriate. In simply rewriting the parties' contract to require arbitration in Mobile County, the learned trial judge abused his discretion.
The Federal Arbitration Act (FAA), 9 U.S.C.A. §§ 1-14 (West 1970), requires that a trial court stay judicial proceedings pending before it and enforce the arbitration provisions of the parties' contract when such exist. This requirement applies to proceedings in state, as well as in federal, courts. SouthlandCorp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1
(1984). See Ex parte Alabama Oxygen Co., 452 So.2d 860 (Ala. 1984).
Moreover, under the FAA the trial court is required to compel arbitration even where the result may be the possibly inefficient maintenance of separate proceedings in different forums and possibly inconsistent results. Ex parte Costa Head(Atrium) Ltd., 486 So.2d 1272 (Ala. 1986). See Dean WitterReynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238,84 L.Ed.2d 158 (1985).
Cleveland does not dispute that the FAA controls in this case, but contends, as it did in the trial court, that the arbitration provision in the parties' contract, by requiring that arbitration take place in Pittsburgh, Pennsylvania, is a contract of adhesion, is unconscionable, and that it is, therefore, unenforceable.
We agree with Cleveland that the FAA does not require the enforcement of an arbitration provision where it is invalid "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2. In fact, the Alabama Supreme Court has, in effect, recently recognized that a finding that an arbitration clause is a contract of adhesion might be grounds not to enforce such clause under the FAA. SeeEx parte Merrill Lynch, Pierce, Fenner Smith, 494 So.2d 1
(Ala. 1986).
Moreover, Alabama law empowers a trial court to modify a contract for the sale of goods, the provisions of which it finds to be unconscionable. Ala. Code (1975), § 7-2-302 (1984 Repl.Vol.), authorizes such court to refuse to enforce the entire contract, to enforce only the remainder of the contract without the unconscionable clause, or to so limit the application of the unconscionable clause as to avoid any unconscionable result.
In this case, however, the trial court did not declare the arbitration provision, or even that part of it establishing Pittsburgh, Pennsylvania, as the site for arbitration, to be a contract of adhesion, to be unconscionable, or to be otherwise invalid "upon such grounds as exist at law or in equity" in Alabama. 9 U.S.C.A. § 2. The trial court simply modified the parties' contract to require arbitration to take place in Mobile County, Alabama, based upon its conclusion "that to hold the arbitration process and hearings in Pittsburgh, Pennsylvania, would be unreasonably burdensome, expensive, and onerous on [Cleveland] and would deny [Cleveland] the right to have a speedy, efficient, and inexpensive forum to resolve this dispute."
In thus modifying the arbitration provision in the parties' contract, the learned trial judge abused his discretion. Judicial economy and a concern that one party to the arbitration proceedings may bear a heavy burden and expense in arbitrating in a distant location are not grounds for refusing to enforce the parties' arbitration provision as executed by them. See Ex parte Costa Head (Atrium), Ltd., 486 So.2d 1272.
We would further note that, based upon the record before us, we would have difficulty in agreeing that the arbitration provision was a contract of adhesion or unconscionable had the trial court so found. Cf. Lloyd v. Service Corp. of Alabama,Inc., 453 So.2d 735 (Ala. 1984). In particular, we note that both parties were corporate entities with apparently equal bargaining power, and the contracts they executed appear to have been negotiated through correspondence over a period of several months.
In view of the above, the writ is due to be issued unless within ten days the *Page 370 
learned trial judge enters appropriate orders consistent with this opinion.
WRIT CONDITIONALLY GRANTED.
BRADLEY, P.J., and INGRAM, J., concur.