This is an appeal from a summary judgment in favor of Colonial Bank ("the Bank") on a claim by Linda Sanders for injunctive relief and damages based on alleged unconscionability and bad faith in the Bank's assessing a $15 service charge for each check honored by the Bank when funds in Sanders's account were insufficient to cover the issued check. We affirm.
Two issues are presented:[1] "1) If relief is granted by the trial court for an unconscionable contract, whether that relief can be limited to prospective relief only; and 2) whether the trial court erred in dismissing Sanders's complaint that Colonial Bank breached the covenant of good faith and fair dealing with its depositors."
As to issue number one, we find no error. See Cowin EquipmentCo. v. General Motors Corp., 734 F.2d 1581 (11th Cir. 1984) (holding that the doctrine of unconscionability is not available to obtain affirmative relief, but only as a defense);Lloyd v. Service Corp. of Alabama, 453 So.2d 735 (Ala. 1984); and Ex parte Redshaw, Inc., 524 So.2d 367 (Ala.Civ.App. 1987). For cases to like effect in other jurisdictions, seeGalvin v. First National Monetary Corp., 624 F. Supp. 154
(E.D.N.Y. 1985); Bennett v. Behring Corp., 466 F. Supp. 689
(S.D.Fla. 1979); Jamestown Farmers Elevator Inc. v. GeneralMills, 413 F. Supp. 764 (D.N.D. 1976), rev'd on other grounds,552 F.2d 1285 (8th Cir. 1977); *Page 1046 Whitman v. Connecticut Bank Trust Co., 400 F. Supp. 1341
(D.Conn. 1975); Best v. United States Bank of Oregon, 78 Or. App. 1, 714 P.2d 1049 (1986), affd, 303 Or. 557, 739 P.2d 554
(1987); Witmer v. Exxon Corp., 260 Pa. Super. 537, 394 A.2d 1276
(1978); and Vom Lehn v. Astor Art Galleries, Ltd., 86 Misc.2d 1,380 N.Y.S.2d 532 (Sup.Ct. 1976), See, also, the following treatises: J. White R. Summers, Uniform Commercial Code § 4-8 (2d ed. 1980); W. Jaeger, 15 Williston On Contracts § 1763A at 215 (3d ed. 1972); and 1 Corbin, Corbin On Contracts § 128 (1963).
As to issue number two, we find no error. See Peninsular LifeInsurance Co. v. Blackmon, 476 So.2d 87 (Ala. 1985) (holding that the tort of bad faith is limited to the breach of a contract of insurance). For other cases that have refused to extend the tort of bad faith, see Brown-Marx Associates, Ltd.v. Emigrant Savings Bank, 527 F. Supp. 277 (N.D.Ala. 1981) (applying Alabama law); Gaylord v. Lawler Mobile Homes, Inc.,477 So.2d 382 (Ala. 1985) (sales contract); Williams v.Killough, 474 So.2d 680 (Ala. 1985) (wrongful termination of employment contract); Keeton v. Bank of Red Bay, 466 So.2d 937
(Ala. 1985) (foreclosure redemption contracts); Hall v. Hall,455 So.2d 813 (Ala. 1984) (illegal contract to terminate marriage); and Kennedy Electric Co. v. Moore-Handley,437 So.2d 76 (Ala. 1983) (settlement agreements).
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS and KENNEDY, JJ., concur.
HOUSTON, J., concurs in the result.
[1] We take these two issues directly from the appellant's brief and we note that a third issue (whether the trial court erred in denying certification of the suit as a class action) is mooted in light of our affirmance of the judgment.