Donald G. PRATT and Margaret A. Pratt, Plaintiffs,

v.

COLONIAL–SALES–LEASE RENTAL, INC., Defendant.

Civ. A. No. 91–G–1912–S.

United States District Court, N.D. Alabama, S.D.

Aug. 26, 1992.

Bradford W. Botes, Bond & Botes, Birmingham, Ala., for plaintiffs.

John Martin Galese, Galese and Moore, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause is before the court on defendant's motion for summary judgment. Having considered the motion, the court finds that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

This case arises from the sale of a motor home by defendant to plaintiffs. Defendant sold the subject vehicle to plaintiffs on an "as is" bill of sale. After purchase, the plaintiffs experienced a series of problems with the motor home. Suit was filed against multiple defendants, including the manufacturers and distributors of the vehicle and the holder of the consumer note. Only the claims against the seller, Colonial Sales–Lease–Rental, Inc. (Colonial), remain for adjudication by this court. All other claims have been settled or otherwise dismissed.

Plaintiffs' claims fall into three general categories: unconscionability, breach of warranty, and misrepresentation and fraud. Construing the evidence in the light most favorable to the plaintiffs, the court finds that the plaintiffs have failed to make out a prima facie case as to any claim alleged or to present a genuine issue of material fact. The court also notes at the outset that the remedy of rescission is not available in the case at bar. The plaintiffs no longer possess the motor home, having relinquished it in their settlement agreement with defendant Sears Consumer Financial Corporation for forgiveness of the remaining balance on the purchase price.

Plaintiffs' claim for unconscionability is easily disposed of. Plaintiffs seek monetary damages for an allegedly unconscionable bill of sale. Affirmative recovery of monetary damages is not available under the applicable statutory law. The relief available is that of judicial intervention

disallowing the enforcement of the contract or offending portion thereof. Alabama Code § 7-2-302; *Sanders v. Colonial Bank of Alabama,* 551 So.2d 1045 (Ala. 1989). The court further finds that there is nothing inherently unconscionable about an "as is" bill of sale, and that the plaintiffs have shown no basis for finding over-reaching on the part of the defendant. The court finds that no genuine issue of material fact exists as to the unconscionability claims made by the plaintiffs and that the defendant is entitled to judgment as a matter of law as to these claims.

 In their complaint, the plaintiffs seek relief under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301-12, for breach of implied warranties. This claim was omitted from the plaintiffs' position statement provided to the court by plaintiffs for inclusion in the pretrial order. By this omission, the plaintiffs have abandoned this theory of recovery. Even if the plaintiffs intended to pursue this theory, the oral representations made to them are not covered by the Magnuson–Moss Warranty Act, because the sale was "as is."

 No claims for breach of warranty can spring from an "as is" sale such as the one made subject of this case. The bill of sale clearly and repeatedly stated that defendant made no warranties, express or implied. The plaintiffs have made no showing that they did not understand the nature of an "as is" sale or that any wrongdoing was involved in the sale's being consummated in this posture. The court finds that no genuine issue of material fact exists as to the warranty claims made by the plaintiffs and that the defendant is entitled to judgment as a matter of law as to these claims.

The issue of fraud and misrepresentation springs from representations allegedly made to the plaintiffs in the course of their negotiating the purchase of the subject motor home. It is undisputed that the vehicle had been broken into and some appliances stolen while the motor home was on the defendant's premises. A window was broken in the course of the burglary. The appliances were missing when the plaintiffs inspected the vehicle prior to purchase. They were assured by the defendant's salesman that the appliances would be replaced prior to delivery if the plaintiffs decided to purchase that unit. The new appliances had been installed by the time plaintiffs took possession, and the plaintiffs accepted the motor home without protest. The salesman claims that pieces of glass were on the floor of the motor home when the plaintiffs inspected the unit. The plaintiffs claim to have had no knowledge of the window's having been broken until they discovered shards of glass in the carpet near one of the windows some time after they had taken possession of the motor home. The court accepts for purposes of consideration of this summary judgment motion that the plaintiffs did not notice the glass shards during the pre-purchase inspection and that the salesman did not inform them of the breakage.

 The plaintiffs claim in their affidavits that the salesman represented to them that the unit had never been vandalized[1] or broken into. In his affidavit the salesman claims to have told the plaintiffs that the appliances were missing as a result of theft. The plaintiffs would have the court deem these conflicting positions a genuine issue of material fact. They claim that "but for" these representations they would not have purchased the vehicle. The court finds that statement to be without probative value and inadmissible in evidence as self serving in the extreme. The plaintiffs, in essence, claim that this $76,-000.00 purchase decision hinged on the salesman's representations regarding a single pane of glass. This preposterously unreasonable position goes beyond the limits of credulity. No reasonable trier of fact would believe this assertion. The plaintiffs are attempting to convince the court that "but for" alleged misrepresentations regarding an exceedingly minor breakage,

---

1. The court notes that no evidence of vandalism exists in this case. *Vandalism* is defined as "[w]illful or ignorant destruction of property."

Black's Law Dictionary 1392 (5th ed. 1979). This vehicle was burglarized, not vandalized.

they would have refused to purchase the motor home and would have therefore been spared all damages caused by the other defendants. This "but for" argument does not rise to the level of establishing proximate cause. It is hopelessly remote.[2] It does not present a genuine issue of material fact. In order for a fact to be material it must be one "without which [the contract] would not have been made." Black's Law Dictionary 881 (5th ed. 1979).

The plaintiffs have failed to show a legal nexus between the vehicle's having been broken into and the damages they incurred. The plaintiffs are attempting to create a link between the burglary and the defective condition of the motor home where none exists. All damages which occurred as a result of the burglary had been repaired before the sale was consummated. The value of the vehicle was not reduced as a result of the burglary, because the appliances were replaced with new ones acceptable to plaintiffs, and the broken window-pane was replaced.

Any misrepresentation regarding the burglary is too remote to be deemed the proximate cause of the damages suffered by the plaintiffs. The motor home apparently had severe mechanical problems. These defects were subject to various manufacturers' warranties. These claims have been settled by other defendants in this litigation. No connection between these defects and the burglary has been shown. All damage to the vehicle resulting from the burglary was corrected prior to the delivery of the vehicle to the plaintiffs. Any assertions by the salesman regarding the good quality of the vehicle were mere puffery which does not serve as the basis of a fraud claim. *Fincher v. Robinson Brothers Lincoln–Mercury, Inc.*, 583 So.2d 256, 259 (Ala.1991). Without a showing of a false representation of a material fact and damages proximately resulting therefrom, no prima facie case of fraud has been established. *Fincher v. Robinson Brothers Lincoln–Mercury, Inc.*, 583 So.2d 256 (Ala.1991). The court finds that no genu-

ine issue of material fact exists as to the fraud and misrepresentation claims made by the plaintiffs and that the defendant is entitled to judgment as a matter of law as to these claims.

The court finds that no genuine issue of material fact exists as to any claim made in this cause, and the defendant is entitled to judgment as a matter of law on all counts.

DONE and ORDERED.

---

**2.** Even accepting this "but for" argument, proximate cause would not be established. The acts of liability of the other defendants were intervening causes.