HOUSTON, Justice.
Electrical Box & Enclosure, Inc., an Alabama corporation, entered into an agreement with Comeq, Inc., a Maryland corporation doing business in Alabama, for Electrical Box to purchase a press machine from Comeq. A controversy arose surrounding the sale of the machine, and Comeq filed for arbitration with the American Arbitration Association under an arbitration clause in the document entitled “Terms and Conditions of Quotation and Sale,” which was among the written documents provided by Comeq during the original negotiations. Electrical Box sued for a declaratory judgment to determine the rights of the parties concerning the enforceability of the arbitration provision. At the same time, Electrical Box moved for a temporary restraining order and a preliminary injunction prohibiting Comeq from proceeding with arbitration “until such time as a hearing [could] be had on” the complaint for declaratory judgment. The trial court entered an order restraining Comeq “from attempting to enforce arbitration ... or otherwise attempting to remove this matter from the jurisdiction of this court.”
Thereafter, the case was submitted to the trial court on an agreed statement of facts. Based upon oral arguments, briefs, and the affidavit of the vice-president of Comeq, the trial court dissolved the temporary restraining order and entered a judgment for Co-meq, as follows:
“(1) The agreement of purchase and sale between [Electrical Box] and [Comeq] contains an arbitration clause that is enforceable under the authority of the United States Arbitration Act and the cases decided under it, including Ex parte Alabama Oxygen, 452 So.2d 860 (Ala.1984).
“(2) The injunction heretofore issued ... prohibiting [Comeq] from going forward with its application for arbitration through the American Arbitration Association ... is dissolved.
“(3) The court makes no finding with respect to the merits of the dispute between [Electrical Box] and [Comeq] under their agreement of purchase and sale.
“(4) ... Judgment is rendered for [Co-meq].”
Electrical Box appeals. We affirm.
In Ex parte Alabama Oxygen Co., 452 So.2d 860 (Ala.1984), this Court, approving the views expressed in Justice Maddox’s dissent in the original proceeding, at 433 So.2d 1158, 1168 (1983), acknowledged that the Federal Arbitration Act, 9 U.S.C. §§ 1— 14, applies to cases brought in the courts of this state. See, Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). For the Act to be applicable, the contract must involve interstate commerce and must contain an arbitration agreement *1252 voluntarily entered into by the parties, see Ex parte Alabama Oxygen, supra; and “[i]n-sofar as the language of the Act guides our disposition of [the] case, ... agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement [‘save upon such grounds as exist at law or in equity for the revocation of any contract,’ 9 U.S.C. § 2].” Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) (emphasis added).
Electrical Box concedes that the contract of purchase and sale between it and Comeq is a transaction involving interstate commerce, and neither Electrical Box nor Comeq contends that it has the right to revoke. However, Electrical Box maintains that it did not agree to the arbitration clause, but that that clause was placed in the contract as an addition or change to the contract, and, therefore that, pursuant to Ala. Code 1975, § 7-r2-207, the arbitration clause is unenforceable.
Thus, the issue is whether the contract of purchase and sale between Electrical Box and Comeq contained an arbitration clause.
In response to a quotation from Comeq that included the price of the machine and a statement that certain “Terms and Conditions form a part of the quotation or acceptance of buyer’s purchase order” (which terms and conditions included an arbitration clause), Electrical Box submitted a purchase order for the machine. Comeq accepted the written confirmation of Electrical Box’s order, expressly stating that Comeq’s acceptance was “in accordance with [the] Terms and Conditions of Quotation and Sale [which terms and conditions included an arbitration clause], a copy of which was included with [the] quotation and another copy of which is enclosed here.” This case involves an agreement voluntarily entered into by sophisticated and knowledgeable businessmen. In this situation, we find no support for Electrical Box’s proposition that it can now repudiate one of the terms or conditions to which it agreed.
Based on the foregoing, we affirm the trial court’s judgment based on the holding that the agreement between Electrical Box and Comeq contained an enforceable arbitration clause.
We note Electrical Box’s reliance on Coastal Industries, Inc. v. Automatic Steam Products Corp., 654 F.2d 375 (5th Cir.1981), and the factual similarity of Coastal Industries with this case. However, the elements essential to the holding in Coastal Industries— the addition of an arbitration clause in a contract after an oral agreement between the parties that established the fundamental bargain, thus constituting a material alteration under § 7-2-207 — is absent from this case.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.