BUTTS, Justice.
John Phelps, the plaintiff in an action pending in the Jefferson Circuit Court, petitions this Court for a writ of mandamus directing the circuit court to set aside an order compelling the arbitration of Phelps’s fraud claims against the defendants.
Phelps sued Dan Tucker Auto Sales, Inc., Dan Tucker, Mark McRae, and Sidney Clements in April 1992, alleging that they had fraudulently misrepresented the condition of a used automobile he had bought from Dan Tucker Auto Sales. The defendants submitted interrogatories and later filed two motions for supplemental answers, all of which Phelps responded to. The defendants took Phelps’s deposition in December 1992. In March 1993, the trial court scheduled a settlement conference; the parties appeared for that conference, but they did not reach a settlement. The trial court denied the defendants’ subsequent motion for a continuance; the defendants petitioned this Court for a writ of mandamus directing the trial court to vacate that ruling, but this Court denied the petition.
Phelps conducted depositions on August 3, 1994, and the trial court scheduled the case for trial on June 12, 1995. The defendants took depositions of Phelps’s expert witness on February 25, 1995, and other depositions on May 10, 1995. Meanwhile, Phelps issued several subpoenas for trial witnesses, interviewed witnesses, assembled exhibits, and prepared for trial.
On May 30, 1995, Dan Tucker Auto Sales, Dan Tucker, and Mark McRae (hereinafter referred to collectively as “Dan Tucker Auto Sales” except where otherwise noted) moved to compel arbitration of the case, pursuant to an arbitration clause within the automobile purchase contract that Phelps had signed.[1] The trial court granted this motion, following oral arguments, and Phelps then filed this mandamus petition.
A petition for a writ of mandamus is the proper means to challenge a trial court’s order granting a motion to compel arbitration. Ex parte Alexander, 558 So.2d 364 (Ala.1990). However, the writ of mandamus is an extraordinary remedy, available only upon a clear showing that the trial court abused its discretion. Ex parte Lang, 500 So.2d 3 (Ala.1986).
I.
Phelps purchased a 1986 Nissan pickup truck on May 7,1991, from Dan Tucker Auto Sales; McRae was the sales agent who handled this transaction. The truck was then owned by Clements, who had placed it on consignment with Dan Tucker Auto Sales. Dan Tucker is the owner and operator of Dan Tucker Auto Sales. The purchase agreement Phelps entered contained the following clause:
*792 “DISPUTE RESOLUTION AGREEMENT
[[Image here]]
“F. The undersigned purchaser and Dealer farther agree as follows:
“1. That the motor vehicle described in this sale document has been heretofore traveling in interstate commerce, and has an impact upon interstate commerce.
“2. That in the event any dispute(s), under the terms of this contract of sale arise, (including but not limited to, the terms of the agreement, the condition of the motor vehicle sold, the conformity of the motor vehicle sold, to the contract, the representations, promises, undertakings, or covenants made by Dealer in connection with the sale of the motor vehicle, or otherwise dealing with the motor vehicle; any terms of financing in connection therewith, or any terms of any credit life and/or disability insurance purchased simultaneously herewith, or extended service or maintenance agreement, that Dealer and the purchaser agree to submit such dispute(s) to binding arbitration, pursuant to the provisions of 9 USC para. 1 et seq., and according to the commercial rules of the American Arbitration Association then existing in Birmingham, Alabama.”
Phelps alleged that during the negotiation process Clements and Dan Tucker Auto Sales led Phelps to believe that the truck had not been badly damaged while Clements had owned it. In fact, Phelps alleged, the truck had been extensively damaged in a wreck during that time. These alleged misrepresentations were the basis of Phelps’s claims against the defendants.
II.
We first note that by the automobile purchase contract the parties agreed that the transaction “has an impact upon” interstate commerce. Phelps does not challenge the validity of the arbitration clause; therefore, federal law, in the form of the Federal Arbitration Act (FAA) governs this issue of arbitration in both state and federal courts. See Ex parte Alabama Oxygen Co., 452 So.2d 860 (Ala.1994). While Phelps does not challenge the validity of the arbitration clause, he argues that Dan Tucker Auto Sales waived the right to exercise this clause by vigorously litigating the claims against it, and by not seeking to compel arbitration until 36 months after Phelps had sued.
Phelps points out that a defendant may waive the right to compel arbitration by substantially engaging in the litigation process before seeking arbitration, if the defendant’s engaging in the litigation process in some way prejudices the plaintiff. Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986). However, because of a strong federal policy favoring arbitration, a waiver of the right to compel arbitration will not be lightly inferred; therefore, one seeking to prove waiver has a heavy burden. Merrill Lynch, citing American Dairy Queen Corp. v. Tontillo, 536 F.Supp. 718 (M.D.La.1982).
Dan Tucker Auto Sales recognizes that it has taken steps to litigate the claims against it, but argues that these claims were not actually subject to arbitration until January 1995 and that Phelps will not be prejudiced by being compelled to arbitrate.
Dan Tucker Auto Sales points out that, in 1989, this Court, in Ex parte Warren, 548 So.2d 157 (Ala.), cert. denied, Jim Skinner Ford, Inc. v. Warren, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989), established a test for determining whether the Federal Arbitration Act applied to a transaction occurring within this state. In that case, the plaintiff, Warren, purchased a new automobile from an Alabama dealership, signing a purchase contract containing an arbitration clause stating that the transaction had “an impact” on interstate commerce. Warren later sued the dealership, claiming breach of contract and breach of warranties; the dealership moved to stay the action pending arbitration, pursuant to the clause in the purchase agreement, and the trial court granted the motion.
*793 In granting Warren’s petition for a writ of mandamus to vacate that order, this Court established that, even if a transaction did have “an impact” on interstate commerce, the FAA would not require enforcement of an arbitration agreement entered as part of the transaction unless, at the time the parties entered into the contract that included the arbitration clause, they contemplated that “substantial interstate activity” would arise from the contract. Warren, 548 So.2d at 160. Under that standard, we held that the act of selling an automobile already located in Alabama, to a consumer who was an Alabama resident, through an Alabama automobile dealership whose business dealings were conducted solely within the state, did not have a sufficient nexus with interstate commerce to bring the contract within the coverage of the FAA
The rule of law established in Warren was, of course, in effect when this present action was filed in 1992. Warren, in many of its particulars, was similar to this case. This Court again applied the “contemplation of the parties” test in Allied-Bruce Terminix Companies, Inc. v. Dobson, 628 So.2d 354 (Ala.1993), and in that case determined that a termite contract was not subject to the FAA, because, it held, the connection between the termite company’s activities under the contract and interstate commerce was too slight. That decision was overruled, however, by the United State Supreme Court in Allied-Bruce Terminix Companies, Inc. v. Dobson, — U.S. -, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), wherein that Court rejected the “contemplation of the parties” test. The Supreme Court held that the proper test for determining whether the FAA applies to a transaction containing an arbitration clause is merely whether the transaction involved interstate commerce, regardless of whether the parties, when they entered the contract, “contemplated” involvement in substantial interstate activity.
The Supreme Court noted that § 2 of the FAA is to apply where there is “a contract evidencing a transaction involving commerce,” 9 U.S.C. § 2; that the statute was intended to provide for the enforcement of an arbitration agreement, to the full extent of Congress’s power under the Commerce Clause, citing Perry v. Thomas, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987); and that the FAA puts arbitration provisions “on the same footing” as other terms of a contract, citing Scherk v. Alberto-Culver Co., 417 U.S. 506, 511, 94 S.Ct. 2449, 2453, 41 L.Ed.2d 270 (1974). The Supreme Court held that it would be inconsistent with the language and purpose of the FAA to enforce an arbitration clause only if it was first shown that the parties, when they entered the contract and accepted the clause, contemplated substantial interstate commerce. Allied-Bruce Terminix Companies, — U.S. at -, 115 S.Ct. at 840.
Dan Tucker Auto Sales argues that there was insufficient evidence that the parties ever contemplated “substantial interstate activity” arising out of the sale of the used car and that, in view of Warren, it could not have reasonably expected, when this action was filed, that a motion to compel arbitration would be granted. Dan Tucker Auto Sales points out that it waited less than four months to move for arbitration once the Supreme Court rejected the “contemplation of the parties” test, and it argues that its involvement in the litigation process during that four-month period was minimal. It argues that, because discovery is- generally limited in arbitration proceedings, the fact that the parties proceeded with discovery in this case is a benefit to Phelps that outweighs any prejudice he may have incurred as a result of any delay in seeking arbitration.
We agree that, until January 1995, Dan Tucker Auto Sales could have reasonably believed that an attempt to compel arbitration would have been fruitless under our then existing law. Moreover, Dan Tucker Auto Sales did move to compel arbitration fairly soon after the Supreme Court’s decision in Allied-Bruce made it more practical to do so. Given these facts and given the strong federal policy favoring arbitration, we conclude that the trial court was acting well within its discretion in granting the motion to compel arbitration. The petition for the writ of mandamus is therefore denied.
WRIT DENIED.
*794 HOOPER, C.J., and HOUSTON and INGRAM, JJ., concur.
ALMON, J., concurs in the result.

. Defendant Sidney Clements did not join in this motion.