80 So.2d 235

Rachel LEVINE

v.

Louis LEVINE.

6 Div. 641.

Supreme Court of Alabama.

May 12, 1955.

492

McGowen & McGowen and Geo. I. Case, Jr., Birmingham, for appellant.

F. R. Ingram and Henry V. Salemi, Birmingham, for appellee.

MAYFIELD, Justice.

This appeal comes to us from the Circuit Court of Jefferson County, in Equity. The appellant-complainant seeks a review of the trial court's ruling on demurrer to her bill of complaint.

The original bill of complaint was in some respects a bill of review and in other respects was an original bill in the nature of a bill of review.

In the bill of complaint, the appellant-wife alleged that she was a resident of the State of New York, and that the appellee-husband was also a resident of New York. A final decree of divorce was granted the parties on 3 November 1949 by the Circuit Court of Jefferson County. A copy of this decree of divorce was made a part of the present bill of complaint which we here review. When the appellee-husband filed his original bill of complaint, which terminated in the decree of 3 November 1949, he alleged that he was a bona fide resident of Jefferson County, Alabama, and had lived and resided in Birmingham, Alabama, prior to the filing of his bill. In the original cause, the husband's attorney had filed an answer and waiver which had been executed by the appellant-wife prior to the filing of the bill of complaint, wherein she admitted the allegations of age, residence, marriage, and denied the allegation with reference to cruelty and voluntary abandonment and demanded strict proof thereof. The wife further alleged that the husband's solicitor had made application for oral examination of him and listed his address as 1634 South 11th Avenue, Birmingham, Alabama. That on the day of the decree, 3 November 1949, the commission of the Court was returned together with the deposition of the husband, which deposition was set out in full and constituted the entire testimony in support of the decree of divorce. The present bill of complaint further alleges that the note of testimony in the original suit was filed by the husband's solicitor and that the final decree was rendered upon the bill of complaint and the testimony of the husband upon submission. The wife, in her present

suit, now before this Court, alleges that on 3 November 1949 and for twelve months next preceding the filing of that bill, that the husband was a resident of the City of New York and denies that he was a bona fide resident of Jefferson County, Alabama. Further, that the testimony of the husband was taken prior to 3 November 1949 and at such time as the cause was not at issue. It is alleged that at the time the cause was submitted for final decree, as noted by the note of testimony, said cause was not at issue and was submitted for final decree only upon the bill of complaint and the testimony of the husband.

The wife now complains that she was not represented by counsel in such proceedings and did not at any time live or reside within the State of Alabama prior to the rendition of the first decree. The present bill also alleges that immediately after the rendition of the decree of divorce that the husband immediately returned to the State of New York and has since resided there continuously.

The appellant's present prayer prays that the decree of divorce between the parties be set aside and that the operation of the decree of divorce be suspended pending a final hearing, and that the appellant be awarded additional reasonable solicitor's fees, and for general relief.

A property agreement was originally executed in the City of New York on 26 October 1949. This agreement provided, among other things, for the husband to pay the wife $20,000 as a lump sum settlement, $2,500 of which was paid upon the signing of the agreement, and a receipt of which was acknowledged. Solicitor's fees in the amount of $2,000 were also agreed to by the husband. This property settlement was an exhibit to the first bill of complaint and was made a part of the decree of divorce.

The wife then amended her present bill of complaint by adding paragraph 11, which charged that on the 25th of October 1949, the husband represented to the appellant that he had moved his residence to the State of Alabama and filed a bill for divorcement, and that the Alabama courts had exclusive jurisdiction over the parties to render a final decree of divorce. The appellant now charges that in reliance on her husband's representation, she was induced to make answer to the bill of complaint admitting the residence of the husband and submitting herself to the jurisdiction of the Alabama courts and was thereby prevented from presenting all of her defenses and, in addition, was induced to discontinue an action which was then pending between the parties before the courts of New York. This action directed the payment of certain sums of money by the husband to the wife for her support and maintenance. The present bill alleges that these facts were untrue and that she had a good and valid defense to the divorce proceedings instituted in Alabama to which she filed her waiver and answer.

By subsequent amendment—paragraph 12—the allegations were restated that the appellant and appellee were both bona fide residents of New York City at the time of their marriage. That the appellant filed an action for support and maintenance against the appellee in the courts of New York on 3 March 1948, and that on 4 March 1948, the appellee was ordered to pay the appellant $75 per week pendente lite and that this action was pending and continuing during negotiations with her husband for a lump sum settlement. She then restated the allegations of misrepresentation contained in paragraph 11, and adds that her husband represented to her that it was necessary that the property settlement by which she obtained the first $20,000 be approved by the courts of Alabama. And, that she had submitted herself to the jurisdiction of Alabama for the sole and express purpose of having the property settlement which she had obtained in New York confirmed by the Alabama courts.

Demurrers were addressed to the bill as a whole and to each aspect thereof. The trial court sustained the appellee-husband's demurrers to the present bill on 7 August 1953. It is from this decree on demurrer that appellant perfected her appeal to this court.

The wife having enjoyed the fruits of the original decree, now seeks to declare

494

it void. This she is estopped to do. As was said in Freeman on Judgments, 5th Edition, Volume 3, 1925, Section 1438:

"§ 1438. Estoppel to Assert Invalidity.—While a void divorce decree cannot be legalized by act of the parties, they may be estopped to assert its invalidity to their own advantage, as where they have enjoyed its fruits. This is true as to both parties. The commonest case of this kind involving the defendant is where he has acted upon the decree and remarried, in which event both he and those claiming under him will not be granted relief to which they can be entitled only by denying the validity of the divorce. It is also frequently asserted that one who has obtained a divorce will not be permitted to attack its validity, and this doctrine has been carried to the extent of denying the right of such a person to impeach the foreign decree for lack of jurisdiction, either because the plaintiff was not domiciled within the state or the defendant was a nonresident served constructively. 'A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. *The question whether the court had jurisdiction either of the subject matter of the action or of the parties, is not important in such cases.* Parties are barred from such conduct not because the judgment is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated.'" [Emphasis supplied.]

▮ As further grounds for denying relief, we have the equitable maxims that "those who seek equity must do equity", and "one that comes into equity must come with clean hands". By the terms of the agreement between the parties, which was made a part of and merged with the decree of divorce, the appellant received from the appellee a very heavy and substantial sum of money. Appellant-wife now seeks to have set aside and rendered for naught the decree of divorce whereby she obtained $20,000 from her husband. Yet, she nowhere alleges in her bill of complaint that she tendered to her husband any portion of the sum which she received under the property settlement incorporated in the first decree, nor has she paid any portion of such money into court, nor has she made any offer to do so. The appellant's retention of the total monetary benefits of the divorce decree, while seeking to have the decree nullified, is in conflict with the above stated maxims of equity, and for this additional reason the complainant has closed the doors of the equity court to herself, and chancery must leave her where it found her and refuse to allow her to use the machinery of an equity court to obtain an inequitable end.

▮ With reference to the fraudulent representation which the appellant contends that her husband perpetrated upon her and she now seeks to challenge by bill in the nature of a bill of review, attention is directed to the principle enunciated in the case of Spencer v. Spencer, 254 Ala. 22, 47 So.2d 252, 256, and unwaveringly supported by numerous Alabama cases:

"We have a principle in this State that false allegations in a bill on which its jurisdiction is founded, and which are necessary to invoke such jurisdiction, constitute a fraud on the court and a decree on such allegations is procured fraudulently and is subject to attack in equity, *if the defendant was duly diligent.* Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Hooke v. Hooke, 247 Ala. 450(9), 25 So.2d 33; Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585.

"Divorce proceedings are statutory and the courts exercising the power have a limited and special jurisdiction, which must appear on the face of the proceedings. Anthony v. Anthony, 221 Ala. 221, 128 So. 440. And the bill must allege a statutory ground,

else the decree is void. Tillery v. Tillery, 217 Ala. 142, 115 So. 27.

"Therefore, the false and fraudulent assertion in a bill for divorce of the existence of a statutory ground for divorce relates to matter necessary to invoke the jurisdiction of the court exercising a statutory and limited jurisdiction and constitutes a fraud on the court. A decree on such concocted and false charge in a cause in which respondent was fraudulently induced not to contest the same or had no opportunity to do so, and did not do so, is one procured by fraud. But to support a suit to set aside such decree, it must be made to appear that the respondent in that suit failed to contest that claim *without negligence,* as by fraud of the complainant, otherwise it became an issue in the case and intrinsic in nature. Therefore, the claim, as here made, is involved in that of fraud in preventing defendant from defending the case to which we have referred. * * *" [Emphasis supplied.]

Diligence is incompatible with blind reliance on an adversary's representation as to material facts, at least in the circumstances here discussed. We are irresistibly drawn to the conclusion from the absence of contrary allegations in complainant's complaint, that if, in fact, the averments of the appellee's original bill were false, that the appellant knew of their falsity immediately and in time to interpose such defense as she might elect; at least, before the trial court had lost jurisdiction of the cause. We conclude, in this further respect, that the appellant's bill was lacking in essential allegations and demurrer thereto was properly sustained.

We simply hold that this complainant because of her conduct, as reflected by the bill of complaint, has closed the doors of the equity court to herself and we in no way impinge on our well-settled rule that the Alabama courts have no jurisdiction over the marital status of the parties if neither was domiciled in Alabama. Wilkes v. Wilkes, 245 Ala. 54, 16 So.2d 15; Gee v. Gee, 252 Ala. 103, 39 So.2d 406. Such jurisdiction could not be conferred on the court even with the parties' consent. Jennings v. Jennings, 251 Ala. 73, 36 So. 2d 236, 3 A.L.R.2d 662.

Rachel Levine having plucked the goose in 1949, seeks to get her fingers into a new crop of feathers in 1953.

The ruling of the Chancellor on demurrer is due to be, and is hereby, affirmed.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.

MERRILL, J., concurs in the result.

LIVINGSTON, C. J., dissents.

GOODWYN, J., not sitting.