190 So.2d 548

**Dorothy B. SHAPIRO**

v.

**Jules SHAPIRO.**

6 Div. 198.

Supreme Court of Alabama.

Sept. 22, 1966.

Bankhead, Petree & Savage, Jasper, for appellee.

Rankin Fite, Hamilton, for appellant.

LIVINGSTON, Chief Justice.

On October 28, 1960, Dorothy B. Shapiro filed her bill of complaint in the Marion County Superior Court, in Equity, seeking a divorce from her husband, Jules Shapiro. In her complaint, she alleged that Jules Shapiro was a bona fide resident of the

the State of Alabama and that he voluntarily abandoned the complainant for more than one year before suit was filed.

Jules Shapiro appeared by counsel and filed a waiver and answer.

On October 29, 1960, Dorothy B. Shapiro testified, by deposition, that Jules Shapiro was then a bona fide resident of the State of Alabama and duly domiciled therein.

On October 31, 1960, a final decree of divorce was entered by Judge Edward P. Fowler, forever divorcing Dorothy B. Shapiro and Jules Shapiro, which decree confirmed, ratified and approved a former separation agreement and incorporated the settlement agreement in the divorce decree. This case was docketed as Case No. 2833 in the Marion County Superior Court, in Equity.

On July 23, 1963, appellant, Dorothy B. Shapiro, filed what she styled "A Petition in Case No. 2833, in the Marion County Superior Court, in Equity," in which she alleged "that there was filed in this court on, to wit, the 28th day of October, 1960, in *this cause* a divorce proceeding by the complainant against the defendant." In the present proceeding, she sought to set aside the divorce granted October 31, 1960. Regardless of whether this instrument is a petition to modify the former decree, or is a bill of review, or a bill in the nature of a bill of review, the result of the present litigation is the same. We treat it as a bill of review or a bill in the nature of a bill of review in the instant proceedings. In this proceeding, she averred that she had sworn falsely when she gave her testimony in the divorce proceeding; that at the time she swore that Jules Shapiro was a resident of Alabama and domiciled therein, he was, in reality, a resident of New York City, New York, and domiciled there; and that she did not of her own free will and accord participate in the procurement of the divorce.

Over the objection of appellee, Mrs. Shapiro was permitted to testify that her husband's residence on October 31, 1960, was in the State of New York and not in Alabama as she swore when she testified in the divorce case.

Mrs. Shapiro also testified that her husband quit contributing to her support and to the support of her son on July 1, 1960. This was the only testimony given in support of her charge of coercion and duress. On cross-examination, however, several checks were put in evidence showing payment to her after July 1, 1960.

The appellee in his answer denied that he had coerced complainant to obtain the divorce decree or that he had been guilty of any duress whatever. Appellee asserted that the appellant was estopped by her conduct from asserting the averred invalidity of the decree of divorce by accepting vast sums of money and other benefits from appellee over a period of almost three years, and by acquiescing in the decree, appellant was estopped to assert that the decree of divorce was void. Checks were introduced in evidence showing payment by Jules Shapiro to Dorothy Shapiro of more than $66,000 under the aforesaid agreement.

Appellant contends that this case falls squarely within the law as stated in Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725. There, this Court stated:

"* * * Thus, where both parties to a divorce action do not reside within this state, the marriage relation is without the state and jurisdiction cannot be acquired by courts of this state even by consent of the parties. * * *

* * * * *

"* * * we have repeatedly held that where a void decree is brought to the attention of the court, it is the duty of the court on its own motion to vacate the same."

Appellee argues that the appellant is precluded from the relief prayed for and cites the case of Levine v. Levine, 262 Ala. 491, 80 So.2d 235, which applies the doctrine of

estoppel by conduct. In the *Levine* case, the wife in 1953 filed a bill in the nature of a bill of review to set aside a divorce decree awarded her husband in 1949. She alleged that at the time of the decree both parties were residents of New York City and that the divorce was procured by the false and fraudulent representations of the husband that he was domiciled in Alabama at the time. Under a property settlement agreement incorporated in the divorce decree, she had accepted the sum of $20,000 and lawyer's fee in the amount of $2,000. Judge George Lewis Bailes of the Circuit Court of Jefferson County, Alabama, sustained a demurrer to the bill of complaint and from this ruling the wife appealed to the Supreme Court of Alabama. In writing the opinion of the Court, Mr. Justice Mayfield stated:

> "The wife having enjoyed the fruits of the original decree, now seeks to declare it void. This she is estopped to do. * * *"

■ In the instant case, the benefits derived by Mrs. Shapiro surpassed those received by Mrs. Levine. The law of the *Levine* case is applicable here, creating a bar against relief being awarded the appellant.

The Court in the *Levine* case, supra, quoted Freeman on Judgments, 5th Edition, Vol. 3, 1925, Section 1438:

> "§ 1438. Estoppel to Assert Invalidity.—While a void divorce decree cannot be legalized by act of the parties, they may be estopped to assert its invalidity to their own advantage, as where they have enjoyed its fruits. This is true as to both parties. The commonest case of this kind involving the defendant is where he has acted upon the decree and remarried, in which event both he and those claiming under him will not be granted relief to which they can be entitled only by denying the validity of the divorce. It is also frequently asserted that one who has obtained a divorce will not be permitted to attack its validity, and this doc-

trine has been carried to the extent of denying the right of such a person to impeach the foreign decree for lack of jurisdiction, either because the plaintiff was not domiciled within the state or the defendant was a nonresident served constructively. 'A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. *The question whether the court had jurisdiction either of the subject matter of the action or of the parties is not important in such cases.* Parties are barred from such conduct not because the judgment is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated.' " [Emphasis supplied.]

This Court stated in Fairclough v. St. Amand, 217 Ala. 19, 114 So. 472, as follows:

> "The general principles of an estoppel have been stated by the courts and need not be repeated. Ivey v. Hood, 202 Ala. 121, 79 So. 587. It is rested on reason, and to the effect, that one who procures a decree (of divorce) through his or her fraudulent conduct is bound by it and is thereby estopped to question its validity. This is the rule of the English (Duchess of Kingston's Case, 20 Howell, St.Tr. 355) and that of the American courts. Kaufman v. Kaufman, 177 App. Div. 162, 163 N.Y.S. 566; Nichols v. Nichols, 25 N.J.Eq. 60; Dow v. Blake, 148 Ill. 76, 35 N.E. 761, 764, 39 Am.St. Rep. 156; Van Slyke v. Van Slyke, 186 Mich. 324, 152 N.W. 921; Simons v. Simons, 47 Mich. 253, 645, 10 N.W. 360; Bancroft v. Bancroft, 178 Cal. 359, 173 P. 579; Moor v. Moor (Tex.Civ.App.) 63 S.W. 347."

The *Hartigan* case, supra, can be clearly distinguished from the case at bar. The rule that was applied in that case is stated

in 49 C.J.S. Judgments § 421, p. 824, as follows:

"* * * Even though a judgment is valid on its face, if the parties admit facts which show that it is void, or if such facts are established without objection, the case is similar to one wherein the judgment is void on its face and is subject to collateral attack."

The facts in the *Hartigan* case fall within the above rule. When Mrs. Hartigan took the stand and testified as to the facts upon which her former decree was based, she did so without objection on the part of her husband. He cross-examined her, thereby waiving any objection he might have had. Thus, the undisputed facts, before the court without objection, showed that the original decree by the same court in a matter between the same parties was void for the lack of jurisdiction. The parties had voluntarily reappeared before the court and made the invalidity of the decree apparent on the face of the record.

In the instant case, the appellee objected to each and every attempt by appellant to offer testimony as to the jurisdictional facts. Hence, the rule in the *Hartigan* case does not apply.

Appellant next urges that the decree should be set aside on the ground that she was coerced by appellee into participating in the divorce proceeding. The only fact averred to support her charge of duress was that the appellee would not provide money for the support and maintenance of appellant until she agreed to participate in the divorce proceeding. The evidence showed, however, that Mrs. Shapiro continued from month to month to receive payments from Mr. Shapiro for her support and maintenance.

In the case of Johnson v. Johnson, 182 Ala. 376, 62 So. 706, this Court said:

"Where it appears that the plaintiff in whose favor a judgment has been rendered has expressly or impliedly authorized the prosecution of the suit in his name, and it is sought in his behalf to set aside the judgment because of duress in the procurement of such authorization, such duress must be shown by clear, unequivocal averment and supported by clear and convincing proof; and there must be no lack of reasonable diligence to avoid the results complained of. The allegations of the bill in this particular are not sufficient against the demurrer."

Appellant contends that the testimony in the instant case brings it within the rule of law laid down in Cary v. Cary, 257 Ala. 431, 59 So.2d 659, in which the court said that duress is recognized as a ground upon which a decree of divorce may be set aside. The duress relied upon in the *Cary* case, unlike the instant case, was based on threats of *personal violence* and *death* to the wife and children. In the instant case, the alleged duress and coercion were clearly not sustained by the evidence.

Appellant instituted the suit in whose favor the decree was rendered, and by her fraudulent conduct, she is bound by it and estopped to question its validity.

The law applicable to cases of this sort is plainly set out in the *Hartigan* and *Levine* cases, and cases cited therein, and needs no further elaboration here.

The decree of the court below is affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.