L. CHARLES WRIGHT, Retired Appellate Judge.
While married, the parties by agreement filed instruments in the probate court to legitimate a child of the wife. The husband knew he was not the biological father of the child, though he stated to the court that he was. Acting under the provisions of § 26-11-2, Code 1975, the court issued an order of legitimation. The husband claimed the child as his own and supported it until a divorce. action was filed.
In the divorce action the husband denied the child was his and sought to escape responsibility for support. He filed a motion in probate court, seeking to set aside the order of legitimation as void, averring that according to the statute, only the biological father can legitimate a child. The probate judge, after taking testimony, denied the motion to set aside the order of legitimation.
The order found that the parties were each guilty of misrepresentation and fraud upon the court in securing the order of legitimation. It did not find the order to be void, but held that the motion was not filed within a “reasonable time” under Rule 60(b)(4), Alabama Rules of Civil Procedure.
We find no error in the judgment of the court, even though it did not find the order of legitimation to be void. We find no error in the judgment, even though it has always been the law in this state that a void judgment may be vacated at any time. Adams v. Farlow, 516 So.2d 528 (Ala.1987); Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184 (1907). We do not find it necessary to hold the order of legitimation void here. This is a case of deliberate fraud upon the court by the parties, involving intentional false testimony made to invoke the exercise of the powers and statutory jurisdiction of the probate court. After receiving the important and special rights of a father, that action may not now be repudiated by the party on the ground that the court was without authority to give them to him. The purpose of the Rule 60(b) motion was admittedly to avoid the responsibility of supporting the child which he had sworn to the court was his.
Our courts have said many times that parties are barred from seeking relief from such conduct, not because the judgment is conclusive, but because such conduct cannot be tolerated. The court will not allow itself to be used in such a manner. Shapiro v. Shapiro, 280 Ala. 115, 190 So.2d 548 (1966); Seymour v. Seymour, 597 So.2d 1368 (Ala.Civ.App.1992). Our courts have also invoked the principle of estoppel in such cases, holding that parties may be estopped to assert the invalidity of a decree to their own advantage obtained by their own fraud. Levine v. Levine, 262 Ala. 491, 80 So.2d 235 (1955).
The judgment of the Probate Court of Jefferson County is affirmed.
The guardian ad litem is granted a fee of $1,000, hereby assessed against the husband, for representing the interests of the minor child on appeal.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.