PER CURIAM.
Baxley, Dillard, Dauphin, McKnight & James (“the law firm”) and Randy James, an attorney in the law firm, appeal from a judgment in favor of Steven D. Burt. We reverse and remand.
In 2003, Cornett Publishing Company (“Cornett”) filed a civil action (“the Cor-nett action”) against Target Media Partners, Inc. (“Target Media”), and other parties in the Calhoun Circuit Court. James and the law firm represented Target Media in the Cornett action.
Burt, a former employee of Target Media, had taken photographs (“the photographs”) for Target Media while in its employ and had provided copies of the photographs to Neal Moore, one of the attorneys representing Cornett. Subsequently, James and the law firm served Burt with a subpoena in the Cornett action requiring him to appear for a deposition on February 18, 2008, and to produce at his deposition copies of any photographs he had provided to Cornett or its attorneys. Burt appeared for his deposition on February 18, 2008, but did not bring copies of the photographs with him. James and the law firm filed a motion for an order compelling Burt to produce copies of the photographs. On March 17, 2008, the judge in the Cornett action entered a written order (“the written order”) stating: “Mr. Steve Burt having been subpoenaed by Target Media Partners, Inc., he is instructed to make the requested documents available for inspection and copying to the requesting party.” (Emphasis added.)
Burt testified that, after he received the written order, he had a conversation with the judge in the Cornett action. There is no evidence in the record indicating that this conversation was on the record. According to Burt, he told the judge in the Cornett action that there were 40,000 of the photographs, that they were on Burt’s personal computer along with Burt’s wedding photographs and other personal photographs, and that Burt wanted to make copies of the photographs for James instead of allowing James to inspect the photographs on Burt’s computer and copy them. According to Burt, the judge in the Cornett action told Burt that he could copy the photographs himself and bill half the cost to Cornett and the other half to Target Media. There is no evidence in the record indicating that James or any other employee of the law firm were present when Burt allegedly had this conversation with the judge in the Cornett action. Moreover, there is no evidence in the record indicating that the judge in the Cor-nett action ever memorialized in writing his alleged oral order granting Burt permission to copy the photographs himself and to bill Cornett and Target Media for doing so. Furthermore, there is no evidence indicating that, before Burt undertook to copy the photographs himself, James and the law firm agreed that Burt could copy the photographs himself and that James and the law firm would pay him for doing so.
Burt testified that, subsequent to his conversation with the judge in the Cornett action, he spent approximately 100 hours putting copies of the photographs on 3 compact disks, that he gave the 3 compact disks to Moore, and that Moore gave James a copy of the 3 compact disks. In addition, Burt testified that, after he gave the 3 compact disks to Moore, Burt attended a hearing in the Cornett action and that Moore and Ron Held, an attorney representing Ed Leader, one of the defendants in the Cornett action, were also present at that hearing. There is no evidence in the record indicating that James or any other employee of the law firm was present at *786 that hearing. Burt testified that, during that hearing, the judge asked Burt if he had his bills for copying the photographs with him, that Burt told the judge he did, that the judge told Burt to give one of the bills to Moore and the other bill to Held, and that the judge told Moore and Held to pay the bills. Each bill totaled $1,715. Burt admitted that that hearing was not recorded. There is no evidence in the record indicating that the judge in the Cornett action ever memorialized in writing his alleged oral order directing Moore and Held to pay the bills Burt had given them at that hearing or that the judge in the Cornett action ever ordered James or the law firm, either orally or in writing, to pay the bill Burt had given Held. It is undisputed that Moore paid the bill Burt had given him at that hearing and that the bill Burt had given Held was never paid by anyone.
On October 21, 2010, Burt sued James and the law firm in the small-claims division of the Calhoun District Court (“the district court”), seeking payment of the $1,715 bill Burt had given Held at the hearing in the Cornett action. Answering, James and the law firm denied that they were obligated to pay the bill. Following a bench trial, the district court, on February 28, 2011, entered a judgment in favor of Burt and awarded him damages in the amount of $1,715 plus court costs.
On March 11, 2011, James and the law firm appealed to the Calhoun Circuit Court, and the appeal was assigned to a different judge (“the trial judge”) than the one who had been assigned to the Cornett action. Following a bench trial, the trial judge, on February 7, 2012, entered the following judgment:
“This is an appeal from District Court.
“[Burt] provided over Seven Thousand (7,000) pictures from a group of over Thirty-five Thousand (35,000) pictures in CV-2003-789.
“To accomplish this task, it took ninety-eight hours at Thirty-five Dollars ($35.00) per hour. Mr. Neal Moore paid his share of One Thousand, Seven Hundred, Fifteen Dollars ($1,715.00). The [law firm and James] did not pay their share.
“The Court finds for [Burt] and against the [law firm and James] in the amount of One Thousand, Seven Hundred, Fifteen Dollars ($1,715.00) plus court costs.”
The law firm and James timely appealed to this court on March 6, 2012.
“ ‘ “[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts.” ’ Harris v. McKenzie, 703 So.2d 309, 313 (Ala.1997) (quoting Craig Constr. Co., Inc. v. Hendrix, 568 So.2d 752, 756 (Ala.1990)). The ore tenus ‘standard’s presumption of correctness has no application to a trial court’s conclusions on questions of law.’ Beavers [v. Walker County ], 645 So.2d [1365] at 1372 [ (Ala.1994) ]. ‘[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is de novo.’ Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997).”
Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999).
James and the law firm argue that the trial judge erred in entering a judgment in favor of Burt because, they say, they were not obligated to pay the bill Burt had given Held at the hearing in the Cornett action. We agree.
Neither the alleged oral order of the judge in the Cornett action granting Burt permission to copy the photographs *787 himself and to bill the parties for doing so nor that judge’s alleged oral order directing Held to pay the bill Burt had given him at the hearing in the Cornett action were memorialized in writing. Rule 58(a), Ala. R. Civ. P., provides:
“A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (8) by endorsing upon a motion the words ‘granted,’ ‘denied,’ ‘moot,’ or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system.”
In Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004), the supreme court stated:
“Although Rule 58(a) relates simply to the ‘rendition’ of judgments and orders, whereas Rule 58(c) describes the formalities that must attend the ‘entry’ of a judgment or order, even Rule 58(a) requires, in each instance, a written me-morialization by the judge of his or her rendition of the order or judgment in question. Stated otherwise, Rule 58(a) does not allow for an oral rendition of a judgment or order.”
(Emphasis added.) Although Rule 58(a) has been amended since Chamblee was decided, that rule still does not allow for an oral rendition of a judgment or order. Consequently, because the record contains no evidence indicating that the alleged oral orders of the judge in the Cornett action upon which Burt relies were memorialized in writing and because the record contains no evidence indicating that the judge in the Cornett action ever ordered James and the law firm, either orally or in writing, to pay the bill Burt had given Held, the trial judge erred insofar as he may have based his judgment in favor of Burt on the theory that the judge in the Cornett action had ordered James and the law firm to pay the bill Burt had given Held.
Moreover, the record contains no evidence indicating that James and the law firm ever agreed to pay Burt for copying the photographs. Therefore, the trial judge erred insofar as he may have based his judgment in favor of Burt on the theory that James and the law firm were contractually obligated to pay the bill Burt had given Held. See, e.g., State Farm Fire & Cas. Co. v. Williams, 926 So.2d 1008, 1013 (Ala.2005) (“In order to prevail on a breach-of-contract claim, a plaintiff must establish: (1) the existence of a valid contract binding the parties, (2) his own performance under the contract, (3) the defendant’s nonperformance under the contract, and (4) resulting damages.” (emphasis added)).
Accordingly, we reverse the judgment entered by the trial judge and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.