THOMPSON,
Presiding Judge, dissenting.
I respectfully dissent. I believe that the facts of this case are distinguishable from those of De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), and that in subsequent cases this court has incorrectly applied the holding of that case.
In De-Gas, supra, the plaintiffs sued De-Gas, Inc., and others (“the defendants”) alleging breach of contract and fraud. However, because the plaintiffs did not pay the docket fee, the trial-court clerk only stamped the action as “filed”; she did not “assign the complaint a case number, list the case in the index of pending actions, docket the case, or forward the summonses and copies of the complaint to the sheriffs office for service.” De-Gas, 470 So.2d at 1219. The clerk in that case explained that it was the policy of the clerk’s office to hold an action and not take further action if the plaintiff had failed to pay the filing fee. The plaintiffs paid the filing fee two months after the statute of limitations had expired on their fraud claim. The defendants argued, among other things, that the fraud claim was barred by the applicable statute of limitations. The trial court disagreed and denied that part of the defendants’ summary-judgment motion that asserted that argument with regard to the fraud claim. Our supreme court reversed, concluding that “the payment of the fees required by § 12-19-70[, Ala.Code 1975,] or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action for statute of limitations purposes.” De-Gas, Inc. v. Midland Res., 470 So.2d at 1222 (emphasis added). The supreme court noted that the clerk’s testimony in that case established
“that, unless the filing fees are paid at the time a complaint is filed, there is absolutely no judicial notice to a defendant that an action has been filed against him. Regardless of the fact that the clerk’s office stamped the complaint and summonses ‘filed’ on June 14, no real action was taken to set this suit in motion until the filing fees were paid, by which time the limitations period had expired. Not only were the defendants not notified by personal or other service, but they could not have even gone to the clerk’s office and found evidence that a suit had been filed against them because the case was not listed in the index of pending actions. Thus, the defendants received no more notice of this action than if the plaintiffs’ attorney had retained the complaint in his desk drawer.”
De-Gas, Inc. v. Midland Res., 470 So.2d at 1221.
Later, in Farmer v. Farmer, 842 So.2d 679 (Ala.Civ.App.2002), this court expanded the holding in De-Gas, supra. In that divorce case, during a hearing on a post-judgment motion that the father conceded was untimely filed, the father handed a petition to modify custody to the judge in open court. The record on appeal did not indicate that the petition to modify was filed in the trial court or with its clerk. The mother objected to the purported petition to modify, arguing, among other things, that the father was required to properly file and serve the modification *191 petition and that he had failed to pay a filing fee for the modification action. The trial court overruled the mother’s objections, but it ultimately denied the father’s petition to modify. This court dismissed the appeal, holding that the father had failed to properly file the petition as required by Rule 5(e), Ala. R. Civ. P., so as to invoke the jurisdiction of the trial court. This court also noted that the father had failed to pay the filing fee and stated that “[t]he failure to pay the filing or docketing fee is a jurisdictional defect.” Farmer v. Farmer, 842 So.2d at 681 (citing De-Gas, supra). This court held that the trial court’s judgment was void for want of jurisdiction and dismissed the appeal.
This court again characterized a failure to pay a filing fee as a defect in. the trial court’s subject-matter jurisdiction in Vann v. Cook, 989 So.2d 556 (Ala.Civ.App.2008). In that case, the mother argued for the first time on appeal that the trial court had no jurisdiction over the modification and postjudgment proceedings initiated by both of the parties because neither she nor the father had paid the required filing fees for their respective filings in the trial court. In that case, this court held that the failure to pay the filing fee required in § 12-19-70(a), Ala.Code 1975, implicated the subject-matter jurisdiction of the trial court and dismissed the appeal as void for want of subject-matter jurisdiction. Vann v. Cook, supra.
This court went further in Odom v. Odom, 89 So.3d 121 (Ala.Civ.App.2011), and dismissed an appeal ex mero motu after examining the record on appeal and determining that the appellant had failed to pay filing fee in the trial court. This court again concluded that the failure to pay the filing fee rendered the trial court’s judgment void for want of subject-matter jurisdiction. Odom v. Odom, supra.
Although I concurred in those cases, I am now convinced that this court’s holdings in Farmer v. Farmer, supra, Vann v. Cook, supra, and Odom v. Odom, supra, extend beyond our supreme court’s holding in De-Gas, supra, and that in those cases this court incorrectly determined that the trial courts had lacked subject-matter jurisdiction over those actions because of a party’s failure to pay the filing fee required by § 12-19-70, Ala.Code 1975. The holding in De-Gas, supra, addressed when an action is deemed commenced for the purposes of analyzing a statute-of-limitations defense. De-Gas, Inc. v. Midland Res., 470 So.2d at 1222. The statute of limitations for an action is an affirmative defense and does not implicate the subject-matter jurisdiction of the trial court. Waite v. Waite, 891 So.2d 341, 343 (Ala.Civ.App.2004) (“[Although a trial court may dismiss an action on its own motion on a jurisdictional basis, affirmative defenses such as the statute of limitations or the doctrine of res judicata are not jurisdictional bases upon which a court may base a sua sponte dismissal.”). Rather, the statute of limitations may be raised to bar a claim asserted in the trial court, and, as an affirmative defense, it may be waived if it is not asserted by the defendant. Special Assets, L.L.C. v. Chase Home Finance, L.L.C., 991 So.2d 668, 675 (Ala.2007); Taylor v. Newman, 93 So.3d 108, 115 (Ala.Civ.App.2011).
I do not agree that the payment of the filing fee is a matter that implicates the subject-matter jurisdiction of a trial court to consider an action that is otherwise within the subject-matter jurisdiction of the court.[2] Our supreme court did not *192 hold in De-Gas that the trial court lacked subject-matter jurisdiction over the action because the plaintiff had failed to pay the required filing fee. Rather, I interpret De-Gas as holding that a filing fee must be paid at the time of the filing of the complaint for the purposes of properly initiating an action in compliance with the statute of limitations applicable to that action.
However, the circuit courts exercise jurisdiction over claims that are not subject to a statute of limitations. In this case, the claims are in the nature of contempt and enforcement, and those claims are not required to be filed within a certain time prescribed by a statute of limitations. In actions involving claims to which no statute of limitations applies, I cannot see how the payment of filing fees or the filing of a statement of substantial hardship can be said to be a “jurisdictional prerequisite to the commencement of an action [such as the one currently before this court] for statute of limitations purposes.” De-Gas, 470 So.2d at 1222 (emphasis added). As is explained later in this writing, I believe that the failure to pay a filing fee in cases such as this one is curable.
Further, § 12-19-70 is not set forth in a part of the Alabama Code governing the matters over which the various courts have jurisdiction. Rather, it is contained in Title 12, Article 19, which governs court finances. As the court noted in De-Gas, the purpose behind the enactment of § 12-19-70 was to ensure the payment of filing fees and to prevent a trial-court clerk from having to collect those fees after the termination of litigation. See De-Gas, 470 So.2d at 1220 (“No doubt the purpose behind the passage of this provision was to discourage the filing of frivolous suits and to insure that the clerks of the circuit courts do not become ‘credit men.’ ”). Accordingly, I conclude that, although it is preferable that the filing fee is paid at the initiation of a new action, the failure to do so is a matter of concern for the trial-court clerk and does not determine the trial court’s subject-matter jurisdiction to consider the pending action.[3]
Recently, in Johnson v. Hetzel, 100 So.3d 1056, 1056 (Ala.2012), our supreme court, based on the argument of the appellant, held a trial court’s judgment void for want of subject-matter jurisdiction because the appellant had not paid the required filing fee. In that case, our supreme court *193 relied on this court’s holdings in Odom v. Odom, supra, and Vann v. Cook, supra, as well as its own holding on De-Gas, supra.
The precedent of our supreme court is binding on this court. § 12-3-16, Ala.Code 1975; Farmers Ins. Exch. v. Raine, 905 So.2d 832, 835 (Ala.Civ.App.2004). For that reason, because of our supreme court’s holding in Johnson v. Hetzel, supra, this court cannot overrule Farmer v. Farmer, supra, Odom v. Odom, supra, and Vann v. Cook, supra, as improperly expanding the holding of De-Gas, supra. However, I would urge the supreme court to reexamine its holding in Johnson v. Hetzel, supra, and to consider whether, in this case, the main opinion again improperly expands the holding of De-Gas to hold that, in all cases, a failure to pay a filing fee under § 12-19-70 divests the circuit court of subject-matter jurisdiction over an action. I do not believe that such a holding was the intention of the legislature in enacting the requirement that litigants pay filing fees to offset the costs of litigation at the commencement of their actions.
Further, even assuming that the requirement of a filing fee does affect a trial court’s subject-matter jurisdiction, when a late payment of a filing fee would not affect the claim with regard to its statute of limitations, I believe any defect in jurisdiction may be cured by the payment of the filing fee.[4] To hold otherwise sets the stage for anyone who can create doubt as to whether a filing fee was paid to seek to set aside a judgment, regardless of how old the judgment might be or whether the parties or others have relied upon the judgment. See International Longshoremen’s Ass’n v. Davis, 470 So.2d 1215, 1217 (Ala.1985) (A judgment entered without subject-matter jurisdiction can “be set aside at any time as void, either on direct or on collateral attack....”); Alves v. Board of Educ. for City of Guntersville, 922 So.2d 129, 134 (Ala.Civ.App.2005) (same). Under the holding of the main opinion and the cases upon which it relies, it is easy to foresee a situation in which parties might rely on a judgment for many years but in which another party who wants to avoid being bound by the judgment seeks to set aside the judgment for a failure to pay a filing fee. See Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009) (“Rule 60 allows a party to move to set aside a judgment that is void for lack of subject-matter jurisdiction at any time.”); and J.T. v. A.C., 892 So.2d 928, 931 (Ala.Civ.App.2004) (same). Such a result would be unfortunate in cases in which a judgment that would be void under the holding of the main opinion involved a monetary judgment or an injunction, but it would be extremely damaging in the context of a divorce or custody judgment. Thus, the holding of the main opinion and the cases upon which it relies can operate to defeat the policy in favor of finality of judgments upon which the litigants may rely. See Mississippi Valley Title Ins. Co. v. Hooper, 707 So.2d 209, 214 (Ala.1997) (discussing the policy favoring finality of judgments).
In addition, as is the situation in this case, the effect of the holding in the main opinion is to allow parties to sue for certain relief, and, if that relief is denied, to use their own failure to pay a filing fee as a means to avoid the ramifications of the litigation. See also Johnson v. Hetzel, 100 So.3d at 1057 (the appellant successfully nullified a summary judgment in favor of the defendants on the basis of his own failure to pay the required filing fee); and *194 Vann v. Cook, supra. The courts of this state have ruled that, in certain circumstances, parties may not assert lack of subject-matter jurisdiction after receiving an unfavorable adjudication. See Levine v. Levine, 262 Ala. 491, 493, 80 So.2d 235, 237 (1955) (holding that former wife was es-topped from setting aside a divorce judgment based on a lack of jurisdiction when the basis for jurisdiction had been affirmed by the former wife on original submission and the former wife “ha[d] enjoyed the fruits of the original decree”). See also Shapiro v. Shapiro, 280 Ala. 115, 117, 190 So.2d 548, 549 (1966) (applying the “doctrine of estoppel by conduct” in circumstances similar to those in Levine); Reiss v. Reiss, 46 Ala.App. 422, 429, 243 So.2d 507, 513 (Civ.App.1970) (“Mrs. Reiss, having acquiesced in the divorce decree and the separation agreement and having accepted the fruits thereof for some ten years, is estopped to have the same annulled and is bound by the terms thereof.”); and Hughes v. Hughes, 624 So.2d 198, 199 (Ala.Civ.App.1993) (“[Pjarties may be estopped to assert the invalidity of a decree to their own advantage obtained by their own fraud.”). “To constitute estop-pel the conduct of the party must have been intended for his adversary to act upon.” Colvin v. Payne, 218 Ala. 341, 343, 118 So. 578, 579 (1928). In this case, it is clear that in filing the contempt petition, Bona Faye intended that Donald and the trial court take action in response to that petition.
For the foregoing reasons, I conclude that the trial court properly denied Bona Faye’s postjudgment motion. Accordingly, I respectfully dissent from the main opinion’s reversal of that order.

. In this writing, I assert my belief that the failure to pay a filing fee required by § 12-19-70 does not implicate the subject-matter jurisdiction of the circuit courts. In referenc *192 ing that failure to pay a filing fee in this writing, I also intend to include those situations in which a party fails to properly obtain a waiver of the filing fee on the basis of substantial hardship. See § 12-19-70(b), Ala. Code 1975 (in order to obtain a. waiver of a filing fee, "[a] verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court”).

. I also believe that my interpretation is consistent with the analysis of De-Gas set forth in our supreme court's recent decision in Espinoza v. Rudolph, 46 So.3d 403 (Ala.2010). In that case, our supreme court concluded that a trial court did not err in reinstating counterclaims after the defendant paid the filing fees for those claims. The trial court and our supreme court rejected the plaintiff’s argument that the trial court had not obtained subject-matter jurisdiction over the counterclaims because the defendant had not paid the filing fee at the time he asserted the counterclaim. The court noted that § 12-19-71, Ala.Code 1975, which set forth the amount of filing fees to be paid on a counterclaim, did not require that those fees be paid at the time the counterclaim was filed. 46 So.3d at 413-14. In its analysis in that case, our supreme court noted that De-Gas had held that the payment of fees was a " 'jurisdictional prerequisite ... for statute of limitations purposes.' ” Espinoza v. Rudolph, 46 So.3d at 413. The court also noted that, in that case, the plaintiff had made no argument that the filing fee for the counterclaim had not been paid before the statute of limitations expired on that claim. Id. at 414 n. 11.

. As is indicated in the main opinion, in this case, Donald paid the filing fee associated with Bona Faye’s motion.