THOMAS, Judge.
Kenneth Paul Robertson, Jr. (“the husband”), and Donna L. Robertson (“the wife”) were married on March 17, 1988. The parties separated on May 20, 2008, and, on November 6, 2009, the wife filed a complaint in the Etowah Circuit Court seeking, among other things, a divorce from the husband. The wife alleged that the husband had committed adultery. The husband is an attorney, and a number of circuit judges recused themselves from presiding over the case; a Calhoun County district judge was ultimately appointed to preside over the case.
A transcript of a December 11, 2009, hearing is included in the materials provided for our review.[1] The transcript demonstrates that the wife orally agreed to amend her complaint to withdraw the allegation of adultery, and, in the presence of the husband, who represented himself, the wife’s attorney summarized the parties’ oral agreement regarding, among other things, the division of their marital assets and debts. After the clarification of several issues, the circuit court directed the wife to prepare a written agreement, to provide the written agreement to the husband for his approval, and to submit the written agreement to the court. At the close of the hearing, the following colloquy occurred:
“THE COURT: Do you (referring to the wife) wish to put grounds [for divorce] on the record or do you wish to provide an affidavit?
“[THE WIFE’S ATTORNEY]: I wish to provide an affidavit and state irreconcilable differences.
“THE COURT: Okay, sounds good to me.
“[THE HUSBAND]: Your Honor, do we need to prove jurisdiction today?
“THE COURT: If he’s (referring to the wife’s attorney) going to provide an affidavit, as long as you provide all the grounds, the jurisdiction is also in the affidavit, I’m sure.”
*972 The wife’s attorney failed to file an affidavit stating the grounds for the divorce. Regardless, the circuit court entered a judgment (“the purported divorce judgment”) on February 17, 2010, in which it purported to, among other things, divorce the parties and divide their marital assets and debts. The next day the wife filed an amended complaint and withdrew her allegation that the husband had committed adultery.
On June 15, 2010, the husband filed a motion regarding the sale of the marital residence. However, on June 25, 2010, the husband filed a “notice of dismissal,” seeking to “voluntarily dismiss his claim against the [wife] pursuant to Rule 41(a)(1) [, Ala. R. Civ. P.], without prejudice” because, he alleged, he had “recently discovered that [the circuit] court lackfed] jurisdiction and [that] the original divorce decree [was] void.” A hearing was held on August 23, 2010, at which the wife’s attorney admitted that he had failed to file an affidavit providing grounds for a divorce. At that hearing the following colloquy occurred:
“THE COURT: This is actually, we did a — there’s actually been a final decree of divorce that’s been signed off by the parties and an order also being had. And I noted for the record that there was no — with that I was supposed to have an affidavit, and actually I thought I had taken care of it when we were at the hearing, my mistake.
“[THE HUSBAND]: Actually, Your Honor, I brought it up at the hearing that we had a jurisdictional question in the hearing. You directed [the wife’s attorney] to prepare an affidavit along with the agreement, which didn’t get filed, so....
“THE COURT: Well, we’re going to take care of that today. We can fix it today and make it retroactive to the time of the divorce that was signed and that should take care of it, I think. So, let’s see — Is that going to be a problem for anybody?
“[THE WIFE’S ATTORNEY]: No, Your Honor, I apologize. I was supposed to file that and it was just a complete oversight on my part.
“THE COURT: It’s no big deal, we can clear it up, I think, quite easily. [Wife’s attorney], are you ready to call your first witness?
“[THE WIFE’S ATTORNEY]: Yes, Your Honor. I call [the wife].”
The wife testified that the parties were incompatible; however, the circuit court failed to enter a written order stating the grounds for the divorce subsequent to the August 23, 2010, hearing.
More than three years later, on November 5, 2013, the wife filed a motion for a clarification of the purported divorce judgment, in which she pointed out that the circuit court had not entered a written order after the August 23, 2010, hearing; the wife requested that the circuit court “clarify the court[’]s record as to the provisions of the [August 23, 2010,] hearing and its effect upon of the parties’ judgment of divorce.”
The husband filed a response in which he again asserted that the purported divorce judgment had been entered without statutory authority. Therefore, he argued, the circuit court “laek[ed] jurisdiction to take any action in regard to the void order, including, but not limited to, making an order retroactive to a date prior to obtaining jurisdiction.” On November 19, 2013, the circuit court entered an order (“the purported clarification order”) pursuant to, it said, Rules 60 and 61, Ala. R. Civ. P. The purported clarification order reads, in pertinent part:
*973 “[T]he clear understanding by the parties and meaning of, this Honorable Court, that by the taking of oral testimony to establish the grounds and jurisdiction as part of the record, the Judgment of Divorce as entered on February 1[7], 2010[,] was ratified, affirmed, and adopted such as to give full weight and force to the same.”
(Emphasis added.)
On December '30, 20Í3, the husband filed a notice of appeal, and on January 3, 2014, the husband filed a petition for the writ of mandamus. On February 26, 2014, this court consolidated the husband’s appeal and his petition for the writ of mandamus ex mero motu. In each, the husband seeks this court’s review of whether the circuit court erred by (1) entering the purported divorce judgment in violation , of § 30-2-3, Ala.Code 1975, (2) by concluding that its oral statements at the August 23, 2010,’ hearing amounted to a judgment under Rule 58, Ala. R. Civ. P., (3) by clarifying the purported divorce judgment in violation of Rule 58, or (4) by orally declaring that an order had a retroactive effect.

The Petition for the Writ of Mandamus

‘“Mandamus is a drastic and extraordinary writ' that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked- jurisdiction of the court. Ex parte AmSouth Bank, N.A., 589 So.2d 715 (Ala.1991); Ex parte Day, 584 So.2d 493 (Ala.1991).’
“Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).”
Ex parte Cate, 134 So.3d 870, 874 (Ala.2013).
The husband contends that the purported divorce judgment violates § 30-2-3, Ala.Code 1975, which provides, in its entirety:
“No judgment can be entered on the confession of the parties, or either of, them, or if it appear that adultery was committed by either, with the consent of the -other, for the purpose of obtaining a divorce, or where both parties have committed adultery, or where there has been a condonation of adultery by the admission of the offending party to conjugal embraces after knowledge of the commission of the crime, or when the husband knew of or connived at the adultery of the wife.”[2]
As we recently explained in Dubose v. Dubose, 132 So.3d 17 (Ala.Civ.App.2013), a divorce judgment is fatally flawed if it is based solely upon the parties’ stipulations and not upon any evidence indicating the grounds for the divorce.
“Accordingly, the judgment of divorce ‘was without statutory authority and thus without the jurisdiction of the court.’ Johns [v. Johns], 49 Ala.App. [317,] 320, 271 So.2d [514,] 516 [(Civ. 1973) ]. This court ‘.cannot supply jurisdictional requirements.’ Helms [v. Helms,] 50 Ala.App. [453,] 455, 280 So.2d [159,] 161 [ (Civ.1973) ]. Therefore, under the circumstances of this case — in which the trial court ordered the parties to stipulate -to the divorce and was not presented with, any evidence as to grounds for a divorce — we *974 are required to reverse the order of the trial court divorcing the parties.”
Dubose, 132 So.3d at 21.
Unlike in Dubose, in this action the circuit court neither prohibited testimony nor ordered the parties to file a stipulation; yet, the result is the same. The purported divorce judgment was based upon the parties’ stipulations and not upon any evidence indicating the grounds for the divorce. Although the circuit court was correct that an affidavit stating a ground for a divorce from either party would have sufficed, no such affidavit was filed. Likewise, an order divorcing the parties based on the wife’s testimony at the August 23, 2010, hearing could have cured the defect; however, although the judge orally announced at the August 23, 2010, hearing that she intended to “take care of’ or “fix” the defect and that she would make her order “retroactive,” she did not subsequently enter a written order divorcing the parties as required by Rule 58, Ala. R. Civ. P.
“ ‘Rule 58(a), Ala. R. Civ. P., provides:
“ ‘ “A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (3) by endorsing upon a motion the words ‘granted,’ ‘denied,’ ‘moot,’ or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system.”
“ ‘In Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004), the supreme court stated:
“ ‘ “Although Rule 58(a) relates simply to the ‘rendition’ of judgments and orders, whereas Rule 58(c) describes the formalities that must attend the ‘entry’ of a judgment or order, even Rule 58(a) requires, in each instance, a written memorialization by the judge of his or her rendition of the order or judgment in question. Stated otherwise, Rule 58(a) does not al-loiv for an oral rendition of a judgment or order.”
“ ‘(Emphasis added.) Although Rule 58(a) has been amended since Chamblee was decided, that rule still does not allow for an oral rendition of a judgment or order.’ ”
Powers v. Nikonchuk, 142 So.3d 713, 715 (Ala.Civ.App.2013)(quoting Baxley, Dillard, Dauphin, McKnight & James v. Burt, 101 So.3d 784, 787 (Ala.Civ.App.2012)).
Furthermore, the purported clarification order failed to conclusively determine the issue of the statutory authority of the circuit court to enter the purported divorce judgment. The purported clarification order is an interlocutory order. In fact, the purported clarification order appears to be nothing more than a mere summary of the August 23, 2010, hearing. See Morton v. Chrysler Motors Corp., 353 So.2d 505 507 (Ala.1977) (dismissing an appeal as having been taken from a nonfi-nal judgment that “did not adjudicate the rights and liabilities of the parties, but simply noted past actions taken in the case”). The use of the past tense verb “was” in the quoted portion of the purported clarification order does not evidence the circuit court’s present intention to adjudicate the issue of its statutory authority to enter the purported divorce judgment.
“A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication. See City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala.1981). ‘A judgment need no longer be phrased in formal language nor bear *975 particular words of adjudication. It is sufficient if it is signed or initialed by the trial court and, in considering the entire record, it evidences an intention to adjudicate and the substance of adjudication.’ Dudley v. State Dep’t of Human Res., 555 So.2d 1121, 1121 (Ala.Civ.App.1989) (citing Rule 58( [b]), Ala. R. Civ. P., and Purnell v. Covington County Bd. of Educ., 519 So.2d 560 (Ala.Civ.App.1987)).”
Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001) (emphasis added). The circuit court’s further determination that its failures were either harmless errors or clerical mistakes does not alter our conclusion.
Therefore, we are presented with a situation in which the purported divorce judgment was entered without statutory authority, no subsequent order was entered in compliance with Rule 58 to cure the defect of the purported divorce judgment, and the invalidity of the purported divorce judgment was not caused by the conduct of the parties. Complicating the question before this court is the wife’s present assertion to this court that she has remarried. Thus, we must answer whether, and, if so, how, the husband may be estopped from asserting the invalidity of the purported divorce judgment. Our research has revealed the following relevant cases.
In Levine v. Levine, 262 Ala. 491, 492, 80 So.2d 235, 235 (1955), the wife in that case had filed a petition seeking a divorce in an Alabama court. The husband in that case had falsely claimed that he lived in Alabama, and the wife, who was a resident of New York, confirmed his claim. Levine, 262 Ala. at 491, 80 So.2d at 235-36. In 1949, the Alabama court entered a divorce judgment in which the wife was awarded a favorable property settlement. 262 Ala. at 494-95, 80 So.2d at 237-38. Years later, in 1953, the wife complained that the husband had been a resident of New York and that he had induced her to participate in the fraud in exchange for the favorable property settlement. 262 Ala. at 493, 80 So.2d at 236. She sought to have the divorce judgment set aside. Id. Our supreme court noted that the wife had unclean hands and that “having enjoyed the fruits of the original [judgment].... she [wa]s estopped” from having the judgment declared void. 262 Ala. at 493-94, 80 So.2d at 237.
In Shapiro v. Shapiro, 280 Ala. 115, 116-17, 190 So.2d 548, 549 (1966) our supreme court, citing Levine, applied “the doctrine of estoppel by conduct.” In Shapiro, the wife in that case had filed a petition seeking a divorce from the husband in that case, falsely asserting that the husband, who was a resident of New York, was a resident of Alabama. 280 Ala. at 116, 190 So.2d at 548-49. The divorce judgment was entered, and, more than years two later, the wife admitted to her false assertion and sought to have the divorce judgment set aside. Id. The supreme court held that because the wife had fraudulently instituted the action to receive a favorable judgment, she was es-topped from questioning the validity of the judgment. Id., 280 Ala. at 118, 190 So.2d at 550.
In Reiss v. Reiss, 46 Ala.App. 422, 424, 243 So.2d 507, 508 (Ala.Civ.App.1970), this court was presented with facts indicating a fraud on the court. The wife in Reiss had sought a divorce and had defrauded the court by indicating in her deposition that she and her husband were residents of Alabama when in fact they were residents of New York. 46 Ala.App. at 424, 243 So.2d at 508. More than 10 years after the divorce judgment had been entered, the wife sought an “annulment,” alleging that the husband had coerced her into committing fraud upon the court. 46 Ala.App. at *976 424, 243 So.2d at 509. The trial court entered an order vacating the divorce judgment, and the husband filed a petition for the writ of mandamus. 46 Ala.App. at 425, 243 So.2d at 510. We relied on the Levine doctrine of estoppel by conduct and “le[ft] [the wife] entangled in the web which she wove in 1958.” 46 Ala.App. at 429, 243 So.2d at 513. Additionally, this court noted that the husband had remarried and that the wife’s right to the relief sought was further barred by the doctrine of laches, citing Multer v. Multer, 280 Ala. 458, 195 So.2d 105 (1966).
This case is unlike Levine, Shapiro, and Reiss, because neither the husband nor the wife sought to perpetrate a fraud upon the court; however, due to the wife’s remarriage, we find support for application of the doctrine of estoppel by laches relied upon in Mutter.[3]
“Although it is trué that an appellate court may affirm a judgment of a trial court on a ground not relied upon by the trial court, this is so only if the alternative ground is a ‘valid legal ground.’ Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (subject to due-process constraints, appellate courts ‘will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court’); Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (an appellate court ‘“will affirm the judgment appealed from if supported on any valid legal ground,” ’ even if that ground is not raised below (quoting Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983))); Pavilion Dev., L.L.C. v. JBJ P’ship, 979 So.2d 24, 41-43 (Ala. 2007) (Murdock, J., concurring specially).”
Atkins v. State, 16 So.3d 792, 797-98 (Ala.Civ.App.2009).
In Mutter, the wife in that case, a resident of New York, had signed a separation agreement and a waiver in 1960, which the husband in that case, who was also a resident of New York, had used to procure a divorce in Alabama. 280 Ala. at 460, 195 So.2d at 106. In 1961, the wife received a copy of the divorce judgment, which she believed to be a divorce a mensa et thoro (i.e., a legal separation); however, the divorce judgment was a divorce a vin-culo matrimonii (i.e., a dissolution of the marriage). 280 Ala. at 462, 195 So.2d at 108. In 1961, the husband informed the wife that he had remarried. Id. In 1963, the wife sought to have the divorce judgment set aside because the Alabama court had lacked jurisdiction to enter the judgment. 280 Ala. at 460, 195 So.2d at 106. Our supreme court concluded that the doctrine of estoppel by laches applied, which barred the wife from successfully challenging the validity of the divorce judgment because, among other reasons, the wife had waited more than two years before commencing the action to vacate the divorce judgment and, during that period, the husband had remarried. 280 Ala. at 462, 195 So.2d at 109.
“ ‘Laches is not fixed by a hard and fast limit of time, but is a principle of good conscience dependent on the facts of each case.’ See: Woods v. Sanders, 247 Ala. 492, 496, 25 So.2d 141, 144 [1946]; Merrill v. Merrill, 260 Ala. 408, 411, 71 So.2d 44 [1954].”
Mutter, 280 Ala. at 462, 195 So.2d at 109.
We conclude that, like the wife in Mutter, the husband in this case is barred *977 from the relief he seeks by the doctrine of estoppel by laches because he failed to act by “ ‘conscience, good faith[,] or reasonable diligence’ ” before the wife had remarried. 280 Ala. at 468, 195 So.2d at 109 (quoting Lutsky v. Lutsky, 279 Ala. 185, 187, 183 So.2d 782, 784 (1966)). Therefore, the husband’s petition for the writ of mandamus is denied.

The Appeal

“Generally, an appeal may be taken only from a final judgment. Ala.Code 1975, § 12-22-2. A final judgment is one ‘that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ Bean v. Craig, 557 So.2d 1249, 1258 (Ala.1990).”
Fielder v. Chandler, 131 So.3d 630, 634 (Ala.Civ.App.2013). As already explained, the purported clarification order, from which the husband appeals, is not a final judgment. A nonfinal judgment is incapable of supporting an appeal; accordingly, we dismiss the husband’s appeal.
2130264—PETITION DENIED.
2130276—APPEAL DISMISSED.
PITTMAN and MOORE, JJ., concur.
THOMPSON, P.J., and DONALDSON, J., concur in the result, without writings.

. In his appellate brief, the husband refers to the proceedings-of December 11, 2009, as a pretrial conference.

. “The prohibition of consensual divorces survived the legislature’s enactment of ‘no-fault’ divorces in 1971, when new statutory grounds for granting a divorce were added to the existing . grounds. See § 30-2-1, Ala.Code 1975.” Dubose v. Dubose, 132 So.3d 17, 19 (Ala.Civ.App.2013).

. "Estoppel by laches” is defined as "[a]n equitable doctrine by which some courts deny relief to a claimant who has unreasonably delayed or been negligent in asserting a claim.” Black’s Law Dictionary 668 (10th ed.2014).